One Baxter Parkway
Deerfield, Illinois 60015
847.948.2000

**Baxter**

Joseph P. Reagen
Corporate Counsel, Renal Division
Telephone: 847-948-3315
Facsimile: 847-948-3078
Joseph_Reagen@baxter.com

**CONFIDENTIAL FOR SETTLEMENT
PURPOSES ONLY BY AGREEMENT
OF THE PARTIES**

February 20, 2003

*VIA FACSIMILE AND
AIRBORNE EXPRESS*

Thomas J. Raubach
Assistant General Counsel
Fresenius Medical Care
95 Hayden Avenue
Lexington, MA  02420-9192

RE:   Patent Infringement

Dear Tom:

This letter:  1) summarizes our patent infringement discussions to date; 2) responds to your e-mail of February 12; and 3) suggests that we promptly discuss a business solution if we are to arrive at an amicable resolution to this matter.

### SUMMARY

In October, 2002, Rob Keeley of Baxter informed Rice Powell of Fresenius that the Fresenius 2008K infringes at least Baxter's U.S. Patent No. 6,284,131. During a subsequent meeting, I elaborated and advised you that the 2008K infringes at least Claims 1-3 and 13-16 of the '131 patent; infringes at least Claims 26-31 of the 5,247,434 patent; and we are investigating potential infringement of Claims 1 and 5 of the 5,326,476 patent.

During our discussions, I advised you that we obtained the 2008K manuals and confirmed infringement of the '131 and '434 patents. We also discussed the U.S. Patent Office's consideration and rejection of Fresenius' patent invalidity arguments from the European Opposition. Lastly, we discussed Fresenius' exposure, which we have preliminarily estimated to be in the neighborhood of well over $50 million.

Over the last several months, you have indicated a general belief that the 2008K does not infringe Baxter's patents. We therefore invited you to provide a detailed basis for this belief. Your e-mail of February 12 provides Fresenius' position. After evaluation, we find your position unpersuasive and address it in detail below.



DEFENDANT'S
EXHIBIT
1

One Baxter Parkway
Deerfield, Illinois 60015
847.948.2000

**Baxter**

Page 2 of 4
February 20, 2003

## THE 2008K INFRINGES BAXTER'S PATENTS

Your e-mail sets forth the following position for Claim 1 of the '131 patent:

> Claim 1...requires "the touch screen being operable to display an indicium permitting the user to perform, using the touch screen, at least one step of a procedure for changing the setting of the parameter." The 2008K accomplishes the changing of a parameter off-screen by means of a separate keyboard.

Claim 1 only requires that the touch screen be used for "at least one step of the procedure" for changing a parameter. The 2008K undisputably meets this requirement. The brochure for the Fresenius 2008K prominently displays and describes touching the touch screen as part of changing a parameter. In fact, the brochure states that "[a]ll treatment parameters are clearly defined in touch screen buttons." Fresenius 2008K Brochure, p. 5.

The 2008K meets the claim language and therefore the separate keyboard is irrelevant. *Suntiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327 (Fed. Cir. 1999)(infringement cannot be avoided by merely adding additional elements or performing additional functions). Claim 1 does not require a keyboard on the touch screen. In fact, the patent laws preclude any reading of independent Claim 1 to require a keyboard on the touch screen, because that is a feature of dependent Claim 4. *Wenger Mfg. Inc. v. Coating Mach. Sys., Inc.*, 239 F. 3d 1225, 1233 (Fed. Cir. 2001)(limitations of a dependent claim presumptively cannot be required by an independent claim).

Your e-mail sets forth the following position for Claim 26 of the '434 patent:

> [Claim 26 states]"by touching the indicium, to cause a change in the parameter." As noted above as to the '131 patent, the 2008K does not operate that way because of the use of a separate keyboard.

Claim 26, like Claim 1 of the '131 patent, does not require a keyboard on the touch screen. Such a limitation simply does not appear in the claim. Rather, the claim refers to using the touch screen to change a parameter. Again, the 2008K undisputedly meets this requirement. In fact, Fresenius admitted this in the 2008K Operator's Manual:

> To change a treatment parameter in any screen, select the parameter to change by touching the corresponding button on the touch screen.

Fresenius' 2008K Operator's Manual, p. 48.

One Baxter Parkway
Deerfield, Illinois 60015
847.948.2000

**Baxter**

Page 3 of 4
February 20, 2003

With regard to the '476 patent, you indicated that the 2008K does not correspond to elements d and e of Claims 1 and 5, respectively. We will take your comments into account as we continue our investigation.

Lastly, your e-mail states a belief that the patents are invalid in view of prior art. However, you have not cited any references to support this belief. As you know, Fresenius submitted its prior art and arguments to the European Patent Office ("EPO"). Baxter included the Fresenius EPO prior art submission in its U.S. Patent Office filing. The U.S. Patent Office expressly rejected Fresenius' prior art and arguments in allowing the '131 patent to issue.

## BUSINESS SOLUTION

We have been discussing this matter for over four (4) months and have made little progress. In view of the parties' business relationship, we have been willing to entertain extended discussions and consider your viewpoint on the issue of infringement. We have now completed that step and remain confident in our infringement assessment. In eighteen (18) months, we estimate that Fresenius will have over 25,000 instruments in the United States with an exposure north of $50 million[1]. Accordingly, we now believe that it is time to begin concrete discussions toward an amicable business solution.

---

[1] The royalty-base under U.S. Law includes all revenues flowing from an infringing device, such as the instrument, dialyzers, blood sets, concentrates, etc. For the most recent word from the Federal Circuit on this issue, please refer to *MicroChemical, Inc. v Lextron, Inc.*, Appeal No. 02-1155, January 24, 2003 (patent covered medical records system and reasonable royalty considered sales of unpatented drugs and equipment to system customers); *See also Minco, Inc. v. Combustion Engineering, Inc.*, 95 F. 3d 1109 (Fed. Cir. 1996)(patent covered furnace and royalty base included the furnace and all of the silica produced with the furnace); *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1359 (D. Del. 1994)("'convoyed' or 'derivative' sales occur where the sale of one thing is likely to cause the sale of another, such as selling a razor then also being able to sell razor blades to go with it").

One Baxter Parkway
Deerfield, Illinois 60015
847.948.2000

**Baxter**

Page 4 of 4
February 20, 2003

As we have discussed, Baxter is willing to consider granting Fresenius a license for a reasonable royalty and/or cross-license of patents. Toward that end, Baxter's senior management will be contacting Rice Powell soon to determine whether such a business solution is feasible.

In addition, I invite you and/or your outside counsel to have a telephone conference on February 27 or 28 to discuss the structure of a license deal. Please let me know if you are interested in exploring such a resolution.

Very truly yours,

*[signature]*

Joseph P. Reagen

JPR:mlk

cc: Al Heller
Rob Keeley
Rich Ganz
Marla Persky

Robert C. Keeley
Baxter Healthcare Corporation
One Baxter Parkway
Deerfield, Illinois 60015

847.948.3310
Fax: 847.948.3597

# Baxter

February 20, 2003

FEB 2 0 2003

Mr. Rice Powell
Fresenius Medical Care – N.A.
95 Hayden Avenue
Lexington, MA  02420-9192

Dear Rice:

In October of last year, we spoke about Baxter's Touch Screen patents and whether the Fresenius 2008K infringes those patents. We discussed exploring business solutions to this situation and referred the matter to our respective counsel. Unfortunately, the lawyers do not appear to have made much progress.

I am enclosing what I understand to be the most recent correspondence between our counsel. The lawyers appear to have reached a stalemate. Further, it is my understanding that no progress has been made toward creating a license agreement or other resolution.

I think it is now time for us to meet to see if we can strike a business deal. The companies have been able to work out these issues in the past, and I would hope that we can do the same in this instance. However, if we are to reach a deal, we need to start making some progress as it appears that little has been accomplished in the last four (4) months.

We are interested in exploring a business solution to this issue but will not accept further delays.

I will have my assistant contact your office to schedule a one-hour telephone conference during the week of February 24, 2003. I am sure we can work out a deal that benefits us both.

Sincerely,

*Rob*

Rob Keeley


RCK:lmg
Enclosures

bcc: Al Heller
    Rich Ganz
    Marla Persky
    Ina Doonan

DEFENDANT'S
EXHIBIT
2

**Baxter**

One Baxter Parkway
Deerfield, Illinois 60015

847-948-2000

Joseph P. Reagen
Corporate Counsel, Renal Division
Telephone: 847-948-3315
Facsimile: 847-948-3078
Joseph_Reagen@baxter.com

**CONFIDENTIAL FOR SETTLEMENT
PURPOSES ONLY BY AGREEMENT
OF THE PARTIES**

March 7, 2003

*VIA FACSIMILE AND
AIRBORNE EXPRESS*

Thomas J. Raubach
Assistant General Counsel
Fresenius Medical Care
95 Hayden Avenue
Lexington, MA 02420-9192

RE:   Patent Infringement

Dear Tom:

At the Dialysis Conference this week in Seattle, we had the opportunity to review the Fresenius 2008K. Based on that review, we have confirmed that the 2008K infringes an additional Baxter Patent, U.S. Patent No. 5,744,027.

Further, Joe Mullen's 2008K presentation included a depiction of balance chambers very similar to another Baxter Patent, U.S. Patent No. 5,486,286. We are continuing our investigation to determine whether the 2008K infringes yet another Baxter Patent.

I understand that the business people are meeting next week on these issues. Of course, I am also open to discussing these issues with you to see if an amicable resolution is feasible.

Very truly yours,

*[signature]*

Joseph P. Reagen

JPR:dhw

cc:  Al Heller
     Rob Keeley
     Rich Ganz
     Marla Persky

DEFENDANT'S
EXHIBIT
3

Deerfield, Illinois 60015
847-948-2000

**Baxter**

Joseph P. Reagen
Corporate Counsel, Renal Division
Telephone: 847-948-3315
Facsimile: 847-948-3078
Joseph_Reagen@baxter.com

March 11, 2003

*VIA FACSIMILE 781-402-9714
AND AIRBORNE EXPRESS*

Thomas J. Raubach
Assistant General Counsel
Fresenius Medical Care
95 Hayden Avenue
Lexington, MA 02420-9192

RE:   Baxter Patents

Dear Tom:

I understand that Rob Keeley set up a meeting with Rice Powell, you and I to discuss these patents on March 18, at 8:00 a.m. EST. This letter is intended to provide some preliminary information so that our meeting time is used productively.

I understand that Rice indicated to Rich Ganz that it would be helpful if Baxter would provide a proposed structure for a business arrangement. In that spirit, I am enclosing a proposed Term Sheet for discussion purposes.

In resolving this matter, we are willing to be creative and consider a variety of options in reaching an agreement. The enclosed Term Sheet provides a starting point with two options: 1) a straight royalty agreement; and 2) a hybrid agreement with a reduced royalty and a cross-license of patents. We will be prepared to discuss numbers, probably in the form of ranges, at the March 18 meeting.

In the term sheet, we defined the royalty as a set dollar amount per instrument rather than a percentage in order to avoid disagreements over the appropriate royalty base (as Fresenius may be focused solely on the instrument whereas Baxter may be more focused on the instrument and disposables).

To maximize the effectiveness of the meeting, I suggest that Fresenius come prepared to discuss numbers to "plug into" the Term Sheet as well as patents and patent applications you are interested in cross-licensing. In calculating numbers, we are estimating that the 2008K has an average sales price of $13,500 in the United States and Canada and that Fresenius has placed approximately 8,500 machines thus far in North America.



DEFENDANT'S
EXHIBIT
4

Page 2
March 11, 2003

If you are aware of any additional information we should exchange to increase the productiveness of our meeting, please let me know.

Very truly yours,

*Joseph P. Reagen*
Joseph P. Reagen

JPR:mlk

Enclosure

cc: Al Heller
    Rob Keeley
    Rich Ganz
    Marla Persky

*CONFIDENTIAL*
*For Discussion Purposes Only*
*March 11, 2003*

## TERM SHEET

*This Term Sheet sets forth the principal elements that would be contained in a definitive License Agreement between Baxter International, Inc. and its subsidiaries, ("Baxter") and Fresenius Medical Care, Fresenius U.S.A. Inc. and affiliates ("Fresenius"). It is prepared and exchanged for discussion purposes only, does not create or intend to create any contract or obligation that is binding on either party, and neither party may rely on any term contained in it for any purpose.*

| | |
|---|---|
| **Objective** | Fresenius desires to obtain a non-exclusive license to certain "Baxter Licensed Patents" (defined below) and Baxter is willing to grant such license for a royalty payment and/or cross-license of Fresenius patents. |
| **Licensed Technology** | The "Baxter Licensed Patents" are the patent applications and patents listed on Schedule A, including U.S. Patent No. 6,284,131 for a "Method and Apparatus for Kidney Dialysis", and including all worldwide equivalents and offspring patent applications and patents. |
| **License Grant** | Baxter grants to Fresenius a release and a worldwide, non-exclusive license for the Baxter Licensed Patents. |
| **Royalty Payment For Release** | Fresenius shall pay to Baxter a one time lump sum payment of $ U.S. _____ for uses under the Baxter Licensed Patents for 2008K dialysis instruments sold or deployed for patient use prior to the Effective Date of this License Agreement. |
| **Royalty Without Cross-License (Option 1)** | Fresenius shall pay to Baxter a set royalty of $U.S. _____ for each Fresenius 2008K dialysis instrument (or other instruments covered by one or more claims of the patents identified in Schedule A) sold or otherwise deployed for patient use after the Effective Date of this License Agreement. The payments will be made quarterly until the last of the patents identified in Schedule A expire. |
| **Reduced Royalty With Cross-License (Option 2)** | Fresenius shall pay to Baxter a set royalty of $U.S. _____ for each Fresenius 2008K dialysis instrument (or other instruments covered by one or more claims of the patents identified in Schedule A) sold or otherwise deployed for patient use after the Effective Date of this License Agreement. The payments will be made quarterly until the last of the patents identified in Schedule A expire. |
| | Additionally, Fresenius grants to Baxter a worldwide, non-exclusive license for the "Fresenius Licensed Patents", which are identified on Schedule B, including all worldwide equivalents and offspring patent applications and patents. |

CONFIDENTIAL SETTLEMENT DOCUMENT
NOT ADMISSIBLE FOR ANY PURPOSES
PER AGREEMENT OF THE PARTIES

35670-v1/REAGEN/RENAL-BX20000331/03-11-2003


## SCHEDULE A

Title: "Apparatus for Kidney Dialysis"

| Country | Application # | Filing Date | Patent # | Grant Date | Expiration Date |
|---|---|---|---|---|---|
| US | 09/689503 | 10/12/2000 | 6284131 | 09/04/2001 | 04/19/2011 |

Title: "Method and Apparatus for Kidney Dialysis"

| Country | Application # | Filing Date | Patent # | Grant Date | Expiration Date |
|---|---|---|---|---|---|
| US | 07/688174 | 04/19/1991 | 5247434 | 09/21/1993 | 04/19/2011 |

Title: "Method and Apparatus for Kidney Dialysis Using Machine with Programmable Memory"

| Country | Application # | Filing Date | Patent # | Grant Date | Expiration Date |
|---|---|---|---|---|---|
| US | 07/975523 | 11/12/1992 | 5326476 | 07/05/1994 | 11/12/2012 |
| AT | 94901465.8 | 11/12/1993 | E191367T1 | 04/05/2000 | 11/12/2013 |
| BE | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| CA | 2149246 | 11/12/1993 | 2149246 | 08/28/2001 | 11/12/2013 |
| CA | 2349809 | 11/12/1993 | | Pending | |
| CH | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| DE | 94901465.8 | 11/12/1993 | 69328306.8 | 04/05/2000 | 11/12/2013 |
| DK | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| EP | 93850217.6 | 11/12/1993 | | Allowed | 11/12/2013 |
| FR | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| GB | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| GR | 94901465.8 | 11/12/1993 | 3033781 | 04/05/2000 | 11/12/2013 |
| JP | 512402/94 | 11/12/1993 | 2930418 | 05/21/1999 | 11/12/2013 |
| LI | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| NL | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| RU | 95112501.0 | 11/12/1993 | 2145884 | 02/27/2000 | 11/12/2013 |
| SE | 94901465.8 | 11/12/1993 | EP0668793 | 04/05/2000 | 11/12/2013 |
| SG | 9605625-4 | 11/12/1993 | 46524 | 05/23/2000 | 11/12/2013 |

Title: "Apparatus for Performing a Self-Test of Kidney Dialysis Membrane"

| Country | Application # | Filing Date | Patent # | Grant Date | Expiration Date |
|---|---|---|---|---|---|
| US | 08/122047 | 09/14/1993 | 5486286 | 01/23/1996 | 06/14/2013 |

Title: "Apparatus for Kidney Dialysis"

| Country | Application # | Filing Date | Patent # | Grant Date | Expiration Date |
|---|---|---|---|---|---|
| US | 08/479688 | 06/07/1995 | 5744027 | 04/28/1998 | 04/19/2011 |