IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDING INC, et al, <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER INTERNATIONAL, Inc. et al, <br><br> Defendants. | No. C-03-1431 SBA EDL <br><br> **ORDER GRANTING MOTION TO COMPEL DISCOVERY** |

## I.   INTRODUCTION AND FACTUAL BACKGROUND

This is a patent infringement suit between competitors, Fresenius Medical Care Holding, Inc, and Fresenius USA, Inc. (collectively "Fresenius") and Baxter International, Inc. and Baxter Healthcare Corporation (collectively "Baxter.")   The patents in suit relate to kidney dialysis machines, specifically hemiodialysis machines and their various features.[1]  Fresenius' Motion to Compel Discovery is presently before the Court.  The Court held a hearing on January 27, 2004 and the parties appeared through their respective counsel of record.  Good cause appearing, Fresenius' Motion to Compel Discovery is granted as follows.

## II.   DISCUSSION

On September 3, 2003, Fresenius served its First Set of Interrogatories (Nos. 1-7) and its

---

[1] The patents-in-suit are United States Patent No. 5,247,434 ("the '434 Patent"), United States Patent No. 5,326,476 ("the '476 Patent"), United States Patent No. 6,284,131 ("the '131 Patent"), United States Patent No. 5,744,027 ("the '027 Patent), and United States Patent No. 5,486,286 ("the '286 Patent).

First Set of Document Requests (1-90) on Baxter. (Bright Decl. Exhs. A, B.). Baxter served responses on October 3, 2003. (Bright Decl. Exhs. C, D.) The parties agreed to a meet and confer session to take place on October 14, 2003. (Bright Decl. Exh. E.) The parties attempted to resolve their differences, but were unsuccessful. Baxter provided supplemental responses and second supplemental responses to interrogatories, but Fresenius maintains that the responses remain inadequate. Fresenius seeks to compel additional responses to all seven Interrogatories and seventy-eight of the ninety Document Requests (Nos. 2-4, 6-21, 23-24, 26-34, 36-41, 43-50, 52, 54-60, 62-64, 66-82, and 94-90.)

### A. Dates of Conception and Reduction to Practice (Interrogatory No. 1, Document Request Nos. 4 and 14)

Interrogatory No. 1 seeks the dates of conception and actual reduction to practice of each asserted patent claim, as well as all documents and persons that can corroborate the asserted dates. Document Request No. 4 seeks all documents relating to conception and reduction to practice, including laboratory notebooks and invention disclosure statements. Document Request No. 14 seeks all documents that relate to materials or equipment used for the first reduction to practice of the subject matter of each of the patents in suit. (Bright Decl. Exh. B.)

Baxter responded to the interrogatory by providing a list of documents from which the answers could be obtained. The Federal Rules of Civil Procedure provide a process for the designation of documents in response to interrogatories as follows:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. . . . A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

F.R.Civ.P. 33(d). In order for a party to take advantage of the alternative procedure set forth in Rule 33(d) the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory as for the party served and the party responding must specify in sufficient detail where the answers can be found. Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp., 711 F. 2d 902, (9th Cir.1983); O'Connor v. Boeing North American, Inc., 185 F.R. D. 272, 277 (C.D.Cal. 1999).

2

Baxter claims that it is premature for Fresenius to seek dates for conception and reduction to practice. The Patent Local Rules, however, obligated Baxter to identify all conception and reduction documents by October 9, 2003. Thus, the discovery sought is timely. Additionally, Fresenius asserts that the Rule 33(d) procedures are not available to Baxter because the burden is higher for it than it would be for Baxter because Baxter has access to the inventors and can interview them at will.

Fresenius claims good cause to believe that Baxter's production of documents in response to Request Nos. 4 and 14 is incomplete. Fresenius cites to software code identified by inventor Mr. Grogan at his deposition, but not yet produced as proof that production is incomplete. Baxter responds that this source code was archived and had to be converted to a usable medium prior to review. Baxter further claims that it only received the source code on December 2, 2003 and, as of December 9, 2003, is currently reviewing the code for production. (Carroll Decl. ¶ 11). This however, does not explain why the source code was not located earlier and does not answer the question of whether additional documents have been identified, but not produced.[2]

Accordingly, Fresenius' Motion to Compel Discovery is granted as to Interrogatory No. 1 and Baxter is Ordered to fully respond to Interrogatory No. 1 without reference to Rule 33(d). Baxter is further Ordered to produce a declaration under penalty of perjury setting forth the specific efforts it has made to locate documents responsive to Document Request Nos. 4 and 14 and either a certification that all documents identified by Baxter have been produced, or an explanation of why the documents have not yet been produced.

**B.    Inventor Contact Information (Interrogatory No. 2)**

Interrogatory No. 2 seeks contact information for each co-inventor. Baxter claims that the information was obtained by its attorneys and is, therefore, protected by the work product doctrine. Baxter, however, agrees it will produce the information if Fresenius agrees that such production will not constitute any waiver of the work product immunity. Fresenius agrees that it will not assert production of inventor contact information constitute a waiver of work product. As there is no dispute between the

---

[2] At the hearing, the parties represented that Baxter had produced supplemental documents the night before the hearing. Fresenius did not have time to review the production prior to the hearing and Baxter did not specify what additional documents it had produced.

1  parties, the court will not devote any further time to this topic. Fresenius' Motion to Compel Discovery is
2  Granted as to Interrogatory No. 2. Fresenius is Ordered not to assert that this response constitutes a
3  waiver of the work product immunity.

### C. Marking with the Patents in Suit
### (Interrogatory No. 5 and Document Request No. 39)

Interrogatory No. 5 seeks information regarding the dates that Baxter began marking its products (or those of its predecessor, Althin), any products sold without marking, and all documents showing either the marking of or failure to mark products. Document Request No. 39 seeks all packaging materials or other documents reflecting the marking of any machine that allegedly embodies the subject matter claimed in the patents-in-suit. Baxter responds that it has provided all the information that it has and will provide additional information as it becomes available. Baxter, however, has only responded with a range of dates, and only as to three of the five patents in suit. Fresenius requests that the court require either a definite answer or certification from Baxter that the information does not exist.

When responding to interrogatories, a party has a duty to respond with all the information under its custody and control. On this record, the court can not determine whether Baxter has adequately responded with all the information under its custody or control. Similarly, because Baxter has provided incomplete information in responding to Interrogatory No. 5, it is not clear that Baxter has adequately searched for responsive documents. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Interrogatory No. 5 and Document Request No. 39, and Baxter shall provide all responsive information and documents. Additionally, Baxter shall provide a declaration signed under penalty of perjury stating the efforts that it has made to collect all information responsive to the interrogatory and document request, that all information and documents discovered have been provided to Fresenius, and that it has exhausted its efforts to locate responsive information and documents.

### D. Public Use and On Sale
### (Interrogatory No. 3 and Document Request Nos. 15, 23)

Interrogatory No. 3 asks Baxter, for each asserted claim of each patent in suit, to "identify the product or thing that constituted the first embodiment of each claimed invention" and to "identify when it was first offered for sale, first sold, first publicly used, first publicly disclosed, or first disclosed to anyone

4

1  not then under an obligation of confidentiality . . ." and to identify all persons with knowledge and all

2  documents concerning the firs dale, use or disclosure. (Bright Decl. Exh. M. at 8.) Baxter responded with

3  objections that the term "first embodiment" is vague and ambiguous, and designated documents under Rule

4  33(d) from which the information could be determined. (Id.) Document Request No. 15 seeks all

5  documents which relate to any presentations made to any third party concerning the subject matter of the

6  patents-in-suit. Document Request No. 23 seeks all documents that relate to the first disclosure, public

7  use, offer to sell or license of each invention described in the claims of the patents in suit. Baxter promised

8  to provide all non-privileged documents. (Id. at Exh. D.)

9  Fresenius moves to compel responses to Interrogatory No. 3, arguing persuasively that the

10  burden is higher for it to determine the first embodiment and date of sale because Baxter has access to

11  several of the inventors, including Tom Kelly, who may have been involved in the clinical trials and first

12  commercialization of the allegedly patented machine. Baxter maintains its claims that the term "first

13  embodiment" is too vague, given the numerous patents and claims at issue. The interrogatory, however, is

14  specific in seeking the first embodiment of each claimed invention for each claim of each asserted patent.

15  Thus, the interrogatory is not vague.

16  Baxter also maintains that it has adequately responded by producing the FDA approval

17  documents. Baxter claims that Fresenius can determine all responsive information from the FDA approval

18  documents because hemiodialysis machines could not have been sold before the FDA approved their sale

19  and use. Fresenius responds persuasively that test machines were placed in many locations for trial use in

20  order to assemble the clinical data necessary to obtain FDA approval. Additionally, a machine may have

21  been disclosed prior to FDA approval. Thus, the information can not be found within the documents

22  referenced, and Baxter's attempt to rely upon Fed.R.Civ.P. 33(d) does not satisfy its obligation to respond.

23

24  Fresenius claims good cause to believe that Baxter has not produced or identified all

25  responsive documents. Fresenius bases this claim on the fact that Baxter's initial response did not include

26  documents relating to clinical trials or disclosures made at trade shows. In response, Baxter has twice

27  supplemented its interrogatory responses to include additional documents found archived in off-site storage.

28  Fresenius has asked Baxter to confirm that it has identified all responsive documents. Baxter has a duty to

*United States District Court*
*For the Northern District of California*

1  collect all information within its possession or control. Fresenius has established good cause to believe that
2  responses may be incomplete. Accordingly, Fresenius' Motion to Compel Discovery is granted as to
3  Interrogatory No. 3 and Document Request Nos. 15 and 23. Baxter is also ordered to produce a
4  declaration under penalty of perjury detailing the specific efforts made to locate responsive documents and
5  that it has produced all documents that it has located.

### E.   Products Embodying Patents-in-Suit (Interrogatory No. 4)

Interrogatory No. 4 seeks identification of each product Baxter has ever researched, designed, developed, tested, used, sold or licensed embodying any invention claimed by the patents in suit. Baxter responded that it had identified under Patent Local Rule 3.1 the System 100, Altratouch, Aurora, TINA, and ARENA hemodialysis machines as products embodying inventions claimed in the patents-in-suit and sold by Baxter. Baxter's response, however, does not make it clear that it is identifying all such products as required by the interrogatory. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Interrogatory No. 4 and Baxter shall definitively state all products which it claims embody any invention claimed by an patent-in-suit. If Baxter has already identified all products, it shall so state in a declaration signed under penalty of perjury.

### F.   Willful Infringement Contention (Interrogatory No. 6)

Interrogatory No. 6 seeks all the facts supporting Baxter's willful infringement contention, including identification of all knowledgeable witnesses and documents supporting the contention. Baxter responded with the dates by which Fresenius had actual notice of all five patents-in-suit and dates by which Fresenius had constructive notice of three of the five patents. Additionally, Baxter again referred to Rule 33(d) instead of providing specific information. Fresenius seeks to compel the dates by which Baxter contends Fresenius had constructive notice of all five patents-in-suit, a list of the facts supporting the contention of willful infringement, and a list of all documents supporting the contention.

Baxter responds that it has provided all the information in its possession. Baxter correctly points out that it has provided all the dates for actual notice, the relevant inquiry for willfulness. <u>Nike, Inc. v. Wal-Mart Stores</u>, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Fresenius, however, also seeks the identity of the individual that Baxter contends had actual notice of the patents-in-suit. Baxter attempts to rely upon Rule 33(d), but its reliance upon Rule 33(d) is misplaced. Rule 33(d) was not designed to save a party the

effort of extracting information from a limited universe of documents. SEC v. Elfindespan, S.A., 206 F.R.D. 574 (M.D.N.C. 2002). Baxter identified only thirteen documents in which the information can be found. Additionally, Baxter is more familiar with its contentions than is Fresenius, so the burden is not equal. Moreover, Fresenius asserts that the earliest document that Baxter has identified is dated February 20, 2003, whereas Fresenius is claiming actual notice starting back in December of 1998. (Carroll Decl. Exh. M. at 10). Accordingly, Fresenius' Motion to Compel Discovery is granted as to Interrogatory No. 6 and Baxter shall respond fully as to all information currently available and without reference to Rule 33(d). If Baxter is currently unaware of any documents that reflect earlier actual knowledge, it must so state in a declaration under penalty of perjury along with the efforts that it undertook to find such documents. This ruling does not preclude future supplementation as the litigation is still at a relatively early stage.

### G. Relevant Licenses (Interrogatory No. 7)

Interrogatory No. 7 seeks information about all licenses of the patents-in-suit and all licenses to export, import, make, use, or sell any kidney dialysis machine. Baxter objected that this interrogatory is overbroad because many dialysis machines do not embody the inventions claimed in the patents-in-suit. Fresenius asserts that the information sought is relevant to Baxter's claim for damages based on a reasonable royalty. Baxter claims that only licenses under the patents-in-suit are relevant to the calculation of a reasonable royalty. Fresenius, however, claims that comparable products are relevant under Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1070). Georgia-Pacific lists, among the relevant factors, "[t]he portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions." Id. Fresenius argues that comparable products are particularly important in this case because Baxter claims that it has never licensed the patents-in-suit.

Baxter has agreed to produce "all executed agreements for active kidney dialysis products pre-dating the filing of the lawsuit." (Opp. at 6.) Fresenius asserts that Baxter cannot limit its responses to "active" products. A party may discovery anything not privileged that is reasonably likely to lead to admissible evidence. Fresenius' request for licenses of comparable products is reasonably calculated to lead to admissible evidence. Baxter has not shown how licenses for "non-active" products fall outside the scope of permissible discovery. Similarly, Baxter does not explain how information about licenses

7

1  negotiated after the filing of this lawsuit is not reasonably calculated to lead to admissible evidence.
2  Accordingly, Baxter's unilateral limitations of the interrogatory are disapproved.

3  Baxter responds that it "will consider" producing copies of any relevant license agreements "if
4  Fresenius would actually produce its promised license agreements." (Opp. at 6.) A party may not excuse
5  its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent.
6  Nor may a party condition its compliance with its discovery obligations on receiving discovery from its
7  opponent. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Interrogatory No. 7.

### H. Acquisition of the Patents-In-Suit
### (Document Request Nos. 40-41, 43, 59-60, 63, and 68-69)

Request No. 40 seeks: "All document relating to Baxter's evaluation, purchase, and acquisition of Althin Medical, Inc." Request No. 41 seeks: "All documents relating to Althin Medical's evaluation, purchase and acquisition of DC Medical's kidney dialysis machine business." Request No. 43 seeks: "All agreements or communications between Althin Medical, Inc. and Baxter." Request No. 59 seeks: "All documents relating to valuations of the patents in suit or any related patent or application that Baxter has sought or considered." Request No. 60 seeks any documents that relate to Baxter's decision to acquire Althin, including all minutes of Baxter's Board of Directors. Request No. 63 seeks all communications to or from Baxter's accountants, auditors or investment bankers that relate to the decision to acquire Althin. Request No. 68 seeks all documents relating to "any negotiations, agreements, settlements including license agreements, settlement agreements and drafts thereof, granting rights to the technology related to, or incorporate in, covered products and allegedly ancillary products and kidney dialysis machines." Request No. 69 seeks all documents relating to "payments made by Baxter for technology related to, or incorporate in, covered products and allegedly ancillary products and kidney dialysis machines, including but not limited to, license agreements, accounting documents, receipts, and summaries of such payments." Bright Decl. Exh. B.)

Baxter claims that these requests are "extremely overbroad," but does not explain either how these requests are overbroad or how they should be narrowed. Baxter gives Request No. 40 as an example because it calls for all documents relating to the evaluation and acquisition of Althin. The amount paid to acquire a company with desired patents, and the amount of the acquisition amount allotted to a

8

particular patent is relevant to the establishment of a reasonable royalty. Integra Lifesciences I, Ltd. v. Merck, 331 F.3d 860, 871 (Fed. Cir. 2003). Thus, the evaluation and acquisition of Althin as well as the evaluation of its various assets is discoverable. This is particularly true in light of Baxter's representation that it has not located any documents regarding the valuation of the patents-in-suit. (Opp. at p7 n.5).[3]

Baxter has not provided the Court with any additional information as to which requests it believes are overbroad or any suggestions as to how the requests should be narrowed. On the information provided, the requests are reasonably calculated to lead to admissible information. Accordingly, Fresenius' Motion to Compel Discovery is granted and Baxter is Ordered to fully respond to Document Request Nos. 40-41, 43, 59-60, 63, and 68-69.

**I.     Baxter's Recalls (Document Request Nos. 84, 86-90)**

Request No. 84 seeks all documents relating to Baxter's or Althin's ability to make, use, or sell alleged ancillary products." Request No. 86 seeks all documents relating to the recall of the allegedly ancillary products. Request No. 87 seeks all documents relating to meetings held by the Board of Directors about the recall; Request No. 88 seeks all documents relating to government investigations of the recalls; Request No. 89 seeks all documents relating to any lawsuit involving the recalls; Request No. 90 seeks all documents that relate to the financial impact of the recalls. (Bright Decl. Exh. C.)

Baxter is claiming lost profits from sales of collateral products and damage to its reputation from Fresenius' alleged infringement. "To recover lost profits damages for patent infringement, the patent owner must show that it would have received the additional profits "but for" the infringement." King Instruments Corp. v. Perego, 65 F.3d 941, 952 (Fed. Cir. 1995). Thus, documents relating to losses caused by recalls are relevant to the claims and defenses in this lawsuit.

Baxter claims that it did not understand the relevance of the requested documents. In Opposition to this

---

[3]Baxter also relies upon a claim that the documents requested contain highly sensitive competitive information. Baxter is, of course, free to designate this information as confidential and restrict access under the Protective Order governing this litigation. Baxter may not, however, withhold these documents under a claim of privilege merely because they are confidential business documents. Additionally, Baxter may not claim attorney client privilege for communications with Althin's attorneys, if Baxter and Althin were involved in arms length negotiations at the time of the communication.

9

motion, Baxter offers neither a reason why these documents are not relevant nor a promise to produce the documents. At the hearing, however, Baxter announced for the first time that it is not seeking lost profits or loss of reputation. Based on this assertion, Baxter claims that the documents sought are not relevant. Baxter may not, however, avoid discovery obligations simply by announcing, long after the discovery is due, that it will not pursue claims made in its complaint. Moreover, the discovery sought is also relevant to Baxter's claim for a reasonable royalty. Baxter has claimed a correlation between sales of hemodialysis machines and the sale of disposable commodities, including dialyzers. Thus, Baxter seeks to have the sales of disposable commodities considered in the determination of a reasonable royalty. Fresenius persuasively asserts that the discovery sought is relevant to address Baxter's asserted correlation between machine sales and disposable commodities sales. For example, if the documents show that dialyzer sales plummeted due to recalls but the machine sales were unchanged, Fresenius could use the documents to attack the correlation between the sales of machines and disposable commodities.

The documents sought are relevant and discoverable. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Document Request Nos. 84, 86-90.

**J.      Marketing and Financial Documents (Document Request Nos. 12, 13, 16, 24, 27, 33, 36, 38, 52, 53, 56-57, 64, 66, 70, 72, 74, 77 and 79-82)**

Document Request Nos.12, 13, 16, 24, 27, 33, 36, 38, 52, 53, 56-57, 64, 66, 70, 72, 74, 77 and 79-82 involve marketing materials. Baxter agrees that the documents must be produced. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Document Request Nos. 12, 13, 16, 24, 27, 33, 36, 38, 52, 53, 56-57, 64, 66, 70, 72, 74, 77 and 79-82.

**K.      Licenses and Licensing Discussions (Document Request Nos. 10-11, 17, 62, 64, 67-69, 75-76 and 78.)**

Document Request Nos. 10-11, 17, 62, 64, 67-69, 75-76 and 78 relate to licenses for the patents-in-suit and negotiations or communications regarding efforts to license the patents-in-suit. These documents are relevant to Baxter's claimed damages. Baxter does not oppose the motion to compel as to these requests. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Document Request Nos. 10-11, 17, 62, 64, 67-69, 75-76 and 78.

**L.    Validity, Enforceability, Prior Art and Related Foreign Patent Applications (Document Request Nos. 2, 8, 44-47, and 58.)**

Document Request Nos. 2, 8, 44-47, and 58 relate to the validity and enforecablity of the patents-in-suit (Request No. 2); prior art generally (Request Nos. 8 and 58), prior art relating to Seratronics (Request No. 44), prior art known to the inventors (Request No. 45), prior art manuals (Request No. 47); Fresenius' license defense that it has a right to practice the technology of the '027 and '286 patents as a result of litigation between Althin and Seratronics (Request No. 44 again), and all changes in inventorship during prosecution of the patents in suit (Request No. 46).

Baxter has promised to produce non-privileged documents as soon as its privilege review is completed. However, Baxter has refused to produce prior art that it has collected since the start of this litigation, claiming that this prior art is protected by the work product immunity. In order to resist discovery, a party must show that the discovery sought is: 1) a document or tangible thing; 2) that was prepared in anticipation of litigation; 3) by or for a party, or by or for its representative. Sawgrass Sys. v. BASF Aktiengesellschaft, 50 U.S.P.Q.2d 1687, 1690 (E.D. Mich. 1999) (prior art searches protected). "The conditional protections afforded by the work-product rule prevent exploitation of a party's efforts in preparing for litigation." Admiral Ins. Co. v. United States District Court for the District of Arizona, 881 F.2d 1486 (9th Cir. 1988). However, a party may defeat the work product immunity for documents not containing mental impressions by showing "need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

Fresenius has not shown any undue hardship in collecting these publicly available documents. However, Fresenius asserts that the prior art collected by Baxter will necessarily have to be disclosed to the PTO in connection with pending patent applications related to the patents in suit. Fresenius asserts that because Baxter must produce prior art to the PTO eventually, it must produce the prior art in discovery now. If and when Baxter produces the prior art to the PTO, then the Court can assess whether such production constitutes a waiver of the work product immunity. At this time, however, Fresenius has not produced any current valid justification for vitiating the work product immunity. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Document Request Nos. 2, 8, 44-

11

47, and 58 and Baxter is ordered to produce all non-privileged responsive documents.

### M. Baxter's Notice of Fresenius' Products (Document Request Nos. 48-50)

Document Request Nos. 48-50 relate to the notice of Baxter and its predecessors of Fresenius' accused products. The documents sought are relevant to Fresenius' defenses of laches and equitable estoppel. Baxter has produced some responsive documents and has agreed to produce additional documents revealed by its continuing investigation. Baxter has also offered to exchange additional responsive documents, conditioned upon receiving like documents from Fresenius. (Opp. at 9.) Baxter, however, has a duty to fulfill its discovery obligations that may not be conditioned upon receiving discovery. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Document Request Nos. 48-50.

### N. Prior Investigations Relating to the Patents-in-Suit (Document Request Nos. 18-19, 28-30)

Request No. 18 seeks all documents that relate to any prior litigation pending or threatened regarding any patents in suit. Request No. 19 seeks all documents that relate to communications between Baxter and any third party concerning patents in suit, including demand letters. Request No. 28 seeks all documents relating to any investigation by Baxter of any machine suspected of being within the scope of the claims of the patents-in-suit. Request No. 29 seeks all documents interpreting the claim terms in the patents in suit. Request No. 30 seeks documents sufficient to identify any sworn testimony in any proceeding by the inventors of the patents-in-suit or any experts, including all transcripts of testimony. In each case, Baxter responded that it was willing to meet and confer about the requests. (Bright Decl. Exh. D.)

Fresenius moves to compel either production of the documents or certification that no responsive, non-privileged documents exists. Baxter responds that it "is not withholding any non-privileged, relevant responsive documents . . . ." (Opp. at 9.) However, Baxter admits that it does possess demand letters to third parties, but has not produced them because it believes the documents are not relevant. Baxter also agrees to produce these demand letters. (Id. at n.7.)

Thus, Baxter's assertion that it is not withholding any non-privileged documents is clearly limited by its unilateral designation of relevance. To the extent that Baxter is claiming that all four document requests seek only irrelevant information, this claim is unsupported. The requests seek documents relevant

12

to the claims and defenses in this litigation. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Request Nos. 18-19 and 28-30 and Baxter must produce all non-privileged responsive documents, except that it may identify publicly available documents instead of producing them.

### O. Design and Development of the Alleged Inventions (Document Request Nos. 7, 9, 20, 24, and 52); Inventor Documents and Related European Patent Proceedings (Document Request Nos. 3, 6, and 31); Grants to the Patents in Suit (Document Request No. 37); FDA Documents (Request No. 53).

Document Request No. 7 seeks all documents relating to research or development of the subject matter claimed in each patent-in-suit or related patent. Document Request No. 9 seeks all documents relating to the examples of each of the patents in suit or any related patent or application. Document Request No. 20 seeks all documents that relate to the structure, functions, or operation of prototypes of embodiments of the patents in suit. Document Request No. 24 seeks documents sufficient to identify all persons who participated in the design or development of any machine made by Baxter that embodies the claims of the patents-in-suit. Document Request No. 52 seeks all documents that relate to the research, design, development, marketing and sales of Baxter's products. (Bright Decl. Exh. D.)

Request No. 3 seeks all documents contained in the inventor files for the patents-in-suit. Request No. 6 seeks all documents that relate to proceedings in the European Patent Office relating to specific patents. Request No. 31 seeks all document that relate to communications by any of the named inventors of the patents in suit. (Id.).

Request No. 37 seeks all documents relating to any grants or monies used for the alleged inventions of the patents-in-suit. Request No. 53 seeks all communications between Baxter and the FDA relating to Baxter's kidney dialysis machines. (Id.).

Baxter promised to produce some documents and promised to meet and confer about some requests. Fresenius now moves to compel either production of documents or certification that production is complete. Baxter does not respond to this part of the motion, except to claim that it has produced all non-privileged documents that it deems relevant. Baxter has not indicated how any of the document requests seek documents that are not relevant to the claims and defenses in this suit. Accordingly, Fresenius' Motion to Compel Discovery is granted as to Request Nos. 7, 9, 20, 24, 52, 6, 31, 37, and 53 and Baxter must produce all non-privileged responsive documents or certify that it has produced all such documents.

### P. Medicare and Medicaid Limitations (Document Request No. 85.)

Document Request No. 85 seeks all documents from January 1, 1990 to the present, that relate to any limitation or effect of Medicare or Medicaid reimbursement on Baxter's revenue and profits on sales and use of covered products and allegedly ancillary products. (Bright Decl. Exh. D.) Fresenius asserts that these requests are relevant because the information requested places a limit on the revenue generated by Baxter's products, and therefore a limitation on Baxter's claim for damages. Fresenius seeks to compel either production of documents or certification that all responsive documents have been produced.

Baxter states that it has not produced any responsive documents "because Fresenius has also not explained the relevancy of this request." Baxter also claims that any limitation on revenue would act across the market and that "such information is inherently encapsulated in any broader financial information . . . ." (Opp at n.7). The information requested is relevant to Baxter's claim for damages. The fact that Baxter's competitors are similarly constrained does not eliminate the relevance to damages. Additionally, the fact that limitation on revenue would be reflected, but not accounted for other financial documents, does not render the documents sought irrelevant.

Accordingly, Fresenius' Motion to Compel Discovery is granted as to Document Request No. 85 and Baxter shall produce all responsive documents.

### Q. Certification that Identification and Production are Complete

Fresenius asserts that Baxter must certify that its investigation and response to certain interrogatories and documents requests are complete. A party has an obligation to make a reasonable efforts to locate all responsive documents and information necessary to fully respond to interrogatories. Where Fresenius has demonstrated good cause to believe that Baxter has not complied with this duty to locate all responsive information, the Court has Ordered Baxter to detail its search efforts in a declaration signed under penalty of perjury. Similarly, where Fresenius has demonstrated good cause to believe that Baxter has not produced all located information, the Court has Ordered Baxter to certify under penalty of perjury that it has produced everything it has located. However, the Court declines to require Baxter to stop accumulating information at this early stage in the litigation.

//

**III.     CONCLUSION**

For the foregoing reasons, and good cause appearing, It Is Hereby Ordered that Fresenius' Motion to Compel Discovery is Granted and Baxter shall comply completely with this Order no later than **February 17, 2004.**

IT IS SO ORDERED.

Dated: February 5, 2004                                                ( Electronic Signature Authorized )
                                                                                    ELIZABETH D. LAPORTE
                                                                                    United States Magistrate Judge