UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FRESENIUS MEDICAL CARE HOLDINGS, INC., a New York corporation; and FRESENIUS USA, INC., a Massachusetts corporation,

Plaintiffs and Counterdefendants,

v.

BAXTER INTERNATIONAL, INC., a Delaware corporation; and BAXTER HEALTHCARE CORPORATION, a Delaware corporation,

Defendants and Counterclaimants.

Case No. C 03-01431 SBA (EDL)

**ORDER DENYING BAXTER'S MOTION TO STRIKE FRESENIUS' FINAL INVALIDITY CONTENTIONS**

This matter is before the Court on the motion of Defendants Baxter International, Inc. and Baxter Healthcare Corporation (collectively, "Baxter") for an order to strike the Final Invalidity Contentions filed by Plaintiffs Fresenius Medical Care Holdings, Inc. and Fresenius USA, Inc. (collectively, "Fresenius"). Having considered all arguments submitted by the parties, the Court hereby **DENIES** Baxter's Motion to Strike Fresenius' Final Invalidity Contentions.

**FACTUAL BACKGROUND**

On November 24, 2003, Fresenius served its Preliminary Invalidity Contentions pursuant to Patent Local Rule 3-3. On February 27, 2004, pursuant to the Order of Magistrate Judge LaPorte, Baxter served its Fourth Supplemental Patent Local Rule 3-1 Initial Disclosures. On November 22, 2004, this Court issued its Order regarding claim construction. On December 28, 2004, Baxter

served its Final Infringement Contentions pursuant to Patent Local Rule 3-6(a). On January 18, 2005, Fresenius served its FICs pursuant to Patent Local Rule 3-6(b).

**DISCUSSION**

Patent Local Rule 3-6(b) permits the party opposing a claim of patent infringement to serve Final Invalidity Contentions as of right and without leave of Court under either of two conditions:

> Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, **<u>except as set forth below</u>**.
> . . .
> (b) Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by Patent L.R. 3-3 if:
> (1) a party claiming patent infringement has served "Final Infringement Contentions" pursuant to Patent L.R. 3-6(a), or
> (2) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

Patent Local Rule 3-6(b) (emphasis added).

There is no dispute that Baxter served Final Infringement Contentions pursuant to Patent L.R. 3-6(a) on December 28, 2004. (See Miller Decl., Ex. E). Accordingly, pursuant to Patent Local Rule 3-6(b)(1), Fresenius was permitted to serve Final Invalidity Contentions that amend its Preliminary Invalidity Contentions without leave of Court. Fresenius' complied with the Patent Local Rules in amending its <u>Preliminary</u> Invalidity Contentions.

Despite the clear language of the Patent Local Rules, Baxter contends that Fresenius' Final Invalidity Contentions are improper because they add numerous prior art references and several theories of invalidity not disclosed in Fresenius' Preliminary Invalidity Contentions. Baxter appears to contend that the Patent Local Rules should be read to require that any changes to a party's Final Invalidity Contentions must be made in "good faith" and must be "related to" changes made by the patentee to its Final Infringement Contentions. No such requirements are expressed by the words of L.R. 3-6(b) and this Court finds no merit in Baxter's contention that such requirements should be read into the Patent Local Rules. *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)) ("'[I]n the long run, experience teaches that

strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"). To read such subjective requirements into the Patent Local Rules would cause an expansion of the type of motion practice that these Rules were intended to curtail.

Baxter's reliance on *IXYS Corp. v. Advanced Power Tech.*, 2004 WL 1368860 (N.D. Cal. 2004) is unavailing. Notably, in that case the Court permitted the defendant to amend its Final Invalidity Contentions, pursuant to Patent L.R. 3-7, during expert discovery and just three weeks before the patentee's rebuttal expert report regarding invalidity was due. Patent L.R. 3-7 is not at issue in this case. Moreover, even if prejudice to Baxter were a valid consideration under Patent Local Rule 3-6(b), and it is not, Baxter has not demonstrated that it will suffer any prejudice as a result of Fresenius' amendment of its Preliminary Invalidity Contentions. Unlike the disputed amendments in *IXYS*, the amendments here do not come at the "eleventh hour," but come in plenty of time to permit Baxter to conduct both fact and expert discovery.

The Court also rejects Baxter's invitation to use the Patent Local Rules to preclude the fact finder from hearing of the prior art Fresenius contends invalidates the asserted claims of Baxter's patents. The Patent Local Rules recognize and enforce the truism that patentees who seek broad claim constructions to argue for infringement may see their claims invalidated in view of the prior art. *See Mobil Oil Corp. v. Filtrol Corp.*, 501 F.2d 282, 284 (9th Cir. 1974) (It is a "well-known principle of patent law that where claims are close to the prior art, often they cannot be construed broadly enough to be infringed without also being so broad as to be invalid."). Here, Fresenius argues: (1) that the Court's claim construction Order by itself necessitated the service Final Invalidity Contentions under PLR 3-6(b)(2) because it made additional prior art relevant to the invalidity of the asserted claims, and (2) that Baxter, in arguing for summary judgment of infringement, has taken a view of the scope of its asserted claims that is broader than that supported by the Court's claim construction, thereby further expanding the pool of relevant prior art. Fresenius, in accord with the strong public interest in eliminating invalid patents, was well within its rights to continue to search for additional prior art before serving its Final Invalidity Contentions. *Nestier Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d 1576, 1581 (Fed.Cir.1984) ("There is a

stronger public interest in the elimination of invalid patents than in the affirmation of a patent as valid."). Counsel for Fresenius has represented to the Court that "the vast majority of the 'newly' cited references were identified by Fresenius' counsel during the period from December 2004 to mid-January 2005. (Miller Decl., ¶ 4). Thus, this is not "litigation by ambush" as Baxter contends, but instead is the conduct contemplated by the Patent Local Rules. The Court therefore **DENIES** Baxter's motion to strike Fresenius' Final Invalidity Contentions.

Dated: 8-24-05

Hon. Saundra Armstrong
United States District Court Judge

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Saundra B. Armstrong
Judge Saundra B. Armstrong
NORTHERN DISTRICT OF CALIFORNIA

Submitted by:

/s/

Todd G. Miller - #163200, miller@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Robert A. Van Nest - #84065, rav@kvn.com
Stuart L. Gasner - #164675, slg@kvn.com
David J. Silbert - #173128, djs@kvn.com
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Roger S. Borovoy, SBN 31209, borovoy@fr.com
Kameron Parvin, SNB 232349, parvin@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94053
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Mathias W. Samuel (appearing pro hac vice), samuel@fr.com
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Attorneys for Plaintiffs and Counterdefendants
FRESENIUS MEDICAL CARE HOLDINGS, INC., and
FRESENIUS USA, INC.