1 | Juanita R. Brooks, SBN 75934, brooks@fr.com
Todd G. Miller, SBN 163200, miller@fr.com
2 | Fish & Richardson P.C.
12390 El Camino Real
3 | San Diego, CA 92130
Telephone: (858) 678-5070
4 | Facsimile: (858) 678-5099

5 | Mathias W. Samuel, pro hac vice, samuel@fr.com
Thomas S. McClenahan, SBN 203204, mcclenahan@fr.com
6 | Fish & Richardson P.C.
60 South Sixth Street, Suite 3300
7 | Minneapolis, MN 55402
Telephone: (612) 335-5070
8 | Facsimile: (612) 288-9696

9 | Limin Zheng, SBN 226875, zheng@fr.com
S. Kameron Parvin, SBN 232349, parvin@fr.com
10 | Fish & Richardson P.C.
500 Arguello Street, Suite 500
11 | Redwood City, CA 94053
Telephone: (650) 839-5070
12 | Facsimile: (650) 839-5071

13 | Attorneys for Plaintiffs/Counterclaim Defendants
Fresenius Medical Care Holdings, Inc. and Fresenius USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC., a New York corporation; and FRESENIUS USA, INC., a Massachusetts corporation,<br><br>  Plaintiffs and Counterdefendants,<br><br>  v.<br><br>BAXTER INTERNATIONAL, INC., a Delaware corporation; and BAXTER HEALTHCARE CORPORATION, a Delaware corporation,<br><br>  Defendants and Counterclaimants. | Case No. C 03-01431 SBA (EDL)<br><br>**PROPOSED ORDER DENYING BAXTER'S MOTION TO RE-ALIGN THE PARTIES (MOTION IN LIMINE NO. 1)** |

This matter comes before the Court on Baxter's Motion to Re-Align the Parties (Motion *in Limine* No. 1) [Docket No. 677.]  Having considered the submissions and arguments of the parties, as well as the applicable facts and law, the Court hereby DENIES Baxter's Motion.

Fresenius chose to file this suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve the issues related to the patents-in-suit.  Fresenius sought a declaration that the patents-in-suit are not infringed, invalid, and unenforceable  As the party that filed the action, Fresenius is the plaintiff and is entitled to proceed first in all phases of the case (*voir dire*, opening statements, presentation of proof, and closing arguments).  Baxter has given the Court no reason to realign the parties in this case and change the standard order of proof where the party that filed suit is given the right to go first, and the Court finds Fresenius' arguments and reasoning persuasive and therefore denies Baxter's Motion.

It is certainly within the Court's discretion to deny Baxter's Motion to Re-Align the Parties.  *See Alloc, Inc. v. Unilin Décor N.V.*, No. 02-C-1266, 2005 WL 3448060, at *6-*7 (E.D. Wisc. Dec. 15, 2005) (denying patentee's motion to realign the parties in a patent declaratory judgment suit); *Ericsson, Inc. v. Harris Corp.*, No. CIV A3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (same); *GMIS, Inc. v. Health Payment Review, Inc.*, Civ. A. No. 94-576, 1995 WL 33101, at *2 (E.D. Pa. Jan. 21, 1995) (same).  Courts have given various supporting rationales for the denial of realignment motions, including (1) looking to the purposes of the Declaratory Judgment Act, *GMIS, Inc.*, 1995 WL 33101, at *2; (2) explaining burden of proof considerations, especially where both parties to the action bear burdens of proof on various issues in the case, *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d  1339, 1344 (8th Cir. 1996); and (3) finding that changing the order of proof at trial would not make the presentation of the evidence clearer for the jury, *L3 Commc'ns Corp. v. OSI Sys., Inc.*, 419 F. Supp. 2d 380, 383 (S.D.N.Y. 2005).  In this case, all considerations point in favor of denying Baxter's realignment motion and allowing Fresenius to proceed first.

Furthermore, the primary case on which Baxter relies, *Plumtree Software, Inc. v. Datamize LLC*, No. C-02-5693 VRW (N.D. Cal. Oct. 6, 2003) [Ex. 1 to Baxter's Motion], does not support

its motion for realignment under the facts of this case. Nor is the fact that Mathias Samuel, counsel for Fresenius in this case, filed a successful motion for realignment several years ago in a different case helpful to Baxter's motion for realignment in this case.

### A. As the Party that Filed Suit Under the Declaratory Judgment Act, Fresenius is Entitled to Proceed First in All Phases of the Case.

The Federal Circuit has explained that the purpose of declaratory judgment actions in patent cases is "to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987); *see also Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed. Cir. 1988) ("After the [Declaratory Judgment] Act, those competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests.").

Although it threatened to, Baxter did not choose to file this lawsuit to assert any of its patents. It was Fresenius that chose to file this declaratory judgment action to clear the air, and Fresenius should therefore rightfully be afforded the role of plaintiff at trial. As the court explained in denying a realignment motion in *GMIS, Inc. v. Health Payment Review, Inc.*, Civ. A. No. 94-576, 1995 WL 33101, at *2 (E.D. Pa. Jan. 21, 1995),

> This Court cannot lose sight of the fact, however, that it was not HPR that chose to come to court to protect its patent. Rather, GMIS elected to clear the air and avoid any potential further liability by using the Declaratory Judgment Act, 28 U.S.C. § 2201, as it was intended to be used to preclude HPR from 'engaging in a danse macabre, brandishing a Damoclean threat with a sheathed sword.' *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966). For whatever reasons, HPR did not elect to sue for patent infringement. Rather, GMIS felt compelled to bring this action to resolve the parties' conflict. It is only fair that GMIS be afforded the role of plaintiff at trial.

The same reasoning holds true in this case, and the same result is appropriate. Fresenius, as the declaratory judgment plaintiff, is allowed to proceed first at trial.

**B.     Fresenius Bears the Burden of Proof on Invalidity, the Key Issue in this Case, and Therefore Is Allowed to Proceed First at Trial.**

Both parties bear burdens of proof on various issues in this case—Fresenius on invalidity and unenforceability of all claims and Baxter on infringement of the remaining claims and damages.  Where both parties in a declaratory judgment case bear burdens of proof, it is proper for a court to deny a motion for realignment.  *See Anheuser-Busch*, 89 F.3d at 1344 ("Both Labatt and [Anheuser-Busch] bore the burden of proof on distinct counts of their causes of action.  The District Court understandably chose to allow the actual plaintiff, the party that filed the lawsuit, to proceed first."); *see also L-3 Commc'ns.*, 418 F. Supp. 2d at 383 ("Where both parties bear the burden of proof on distinct counts of their causes of action, as is the case here, the court has good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.'" (citation omitted)).  Since it is Fresenius that bears the burden on invalidity, the most critical issue in this case, it is proper for Fresenius to present its evidence first at trial.  *See, e.g.*, *Ericsson*, 1999 WL 604827, at *2 ("A court will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant.").

Baxter asserts that its infringement counterclaims are the "cornerstone of the dispute between the parties." [Baxter's Motion, at 4.]  To the contrary, in light of this Court's summary judgment finding that Fresenius' 2008K product infringes both the '434 and '131 patents, it is Fresenius' invalidity claims that are the heart of the case. [Order dated Sept. 6, 2005, Docket No. 370.]   Validity is still an issue for 28 claims, including all the asserted independent claims, and . Fresenius must prove that at least claim 26 of the '434 patent and claim 1 of the '131 patent are invalid or unenforceable to fully prevail in this case.

**C.     Realigning the Parties Would Not Make the Issues in the Case Clearer for the Jury.**

Courts have considered efficiency factors and clear presentation of the evidence for the jury in ruling on motions to realign the parties and change the order of proof at trial.  *See L3 Commc'ns*, 419 F. Supp. 2d at 383 ("In addition, in this instance, reversing the order will not

4     PROPOSED ORDER DENYING BAXTER'S MOTION
TO RE-ALIGN THE PARTIES
Case No. C 03-01431 SBA (EDL)

1   advance any efficiency rationale or make the presentation of evidence clearer for the jury."). One
2   of the rationales offered by the court in *Plumtree* for letting the patentee present its evidence first
3   was to avoid confusion of the jurors. The court explained that "it is simply more logical to present
4   the affirmative case for infringement first, rather than presenting the case for noninfringement
5   first." *Plumtree*, slip op. at 9-10. [Ex. 1 to Baxter's Motion.] That consideration does not,
6   however, support realignment in this case. Fresenius is not asking to present its case for
7   noninfringement first. Fresenius, as the party that filed this lawsuit, seeks to open the case and
8   present its evidence on invalidity and unenforceability—the issues on which it bears the burden of
9   proof—first. In Fresenius' proposed outline of the trial, Fresenius will go first and present its
10  evidence on invalidity and unenforceability, and Baxter will then follow with its affirmative case
11  on infringement and its response to Fresenius' invalidity and unenforceability claims. [Fresenius'
12  Proposed Jury Instructions No. 4, Docket No. 691.] After Baxter presents its case, Fresenius will
13  present its response to Baxter's infringement case and present rebuttal evidence on invalidity and
14  unenforceability. [*Id.*] This is the logical way to proceed, as it allows the party that filed suit to
15  present first and allows each party to be the first to present evidence on issues on which that party
16  bears the burden of proof. *See L-3*, 418 F. Supp. 2d at 383.

17      Furthermore, there is no need for the jury to hear evidence on the issue of liability first, as
18  the Court has already made a partial determination on that issue. [*See* Order dated Sept. 6, 2005,
19  Docket No. 370.] In hearing about Fresenius' defenses to liability, the jury will be fully apprised
20  as to the technology at issue in this case, as Fresenius' expert witnesses are fully capable of
21  explaining the invention, the general technology, and the key issue of the use of touch screens on
22  medical machines to the jury. There is no risk that the jury will be confused as to the inventions
23  and the general technology at issue due to Fresenius presenting its invalidity evidence first.

24      **D.      None of Baxter's Other Arguments Support Realignment in this Case.**

25      Baxter relies heavily on the order in *Plumtree Software, Inc. v. Datamize LLC*, No. C-02-
26  5693 VRW, slip op. (N.D. Cal. Oct. 6, 2003) [Ex. 1 to Baxter's Motion], to support its argument
27  for realignment. The court in *Plumtree* granted a declaratory judgment defendant's motion to be

28

1   realigned as the plaintiff.  That case, however, is easily distinguishable from the facts presented
2   here.  First, and most importantly, at the time the motion in *Plumtree* was granted, there was no
3   infringement finding of any claims of the asserted patents.  Here, as noted above, there has been a
4   finding that Fresenius infringes two of only five independent claims at issue in the case.  [Order
5   dated Sept. 6, 2005, Docket No. 370.]  Second, unlike in this case, the declaratory judgment
6   **defendant** in *Plumtree* was actually the first party to file suit.  *Plumtree*, slip op. at 7.  In *Plumtree*,
7   Datamize had filed an offensive patent infringement suit in a different district, and Plumtree
8   moved to dismiss based on lack of personal jurisdiction.  *Id.*  The motion to dismiss was granted,
9   and Plumtree then filed its declaratory claim in the Northern District of California.  *Id.*  In this
10  case, the patent-holder Baxter did not choose to file suit; Fresenius was the only party that filed
11  and sought to resolve the issues surrounding the patents.  The *Plumtree* court noted that, because
12  Datamize had actually filed suit first, the usual rationale for a declaratory action—"reliev[ing]
13  potential defendants from the Damoclean threat of impending litigation"—was not present.  *Id.* at
14  8-9.  Here, by contrast, that rationale does apply because it was Fresenius that first filed suit to
15  clear its name.  Finally, the *Plumtree* court explained that realignment in that case was appropriate
16  to "mitigate[] the effects of Plumtree's evident forum-shopping."  *Id.* at 11.  That is certainly not a
17  consideration in this case, as there is no allegation of forum-shopping and Fresenius was the party
18  that filed the original action; Baxter had not earlier sought to select a different forum.  The facts of
19  *Plumtree* are markedly different from the facts of this case, and, while realignment may have been
20  sensible under the particular facts of that case, it is not under the facts of this case.

21       Baxter also relies on a brief on the realignment issue submitted in 2003 by Mathias Samuel
22  in *Universal Surveillance Systems v. Sensormatic Electronics*, No. 02-80598-CIV (S.D. Fla.), to
23  support its motion for realignment.  [*See* Baxter's Motion, at 9-10; Exhibit 6 to Baxter's Motion.]
24  That brief and the outcome of the motion in *Universal Surveillance* are irrelevant in this case, with
25  different parties and different facts.

26
27
28

### III. CONCLUSION

Because Fresenius is the party that chose to file this action and bears the burden of proof on the most critical issue in the case, Fresenius will be allowed to proceed first in all phases of the trial. The Court therefore DENIES Baxter's Motion to Re-Align the Parties [Docket No. 677.]

IT IS SO ORDERED.

Dated: 6/12/06

_____
HON. JUDGE SAUNDRA BROWN ARMSTRONG
JUDGE OF THE U.S. DISTRICT COURT

60360813.doc