United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC., et al., | No. C 03-1431 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 677] |
| BAXTER INTERNATIONAL, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Baxter's Motion in Limine to Bifurcate Inequitable Conduct for Bench Trial. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby DENIES Baxter's Motion.

## **LEGAL STANDARD**

**A.   Bifurcation of Issues at Trial**

Federal Rule of Civil Procedure 42(b) provides that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

**B.    Trial by Advisory Jury**

Additionally, although Federal Rule of Civil Procedure 39(b) states that "[i]ssues not demanded for trial by jury . . . shall be tried by the court," Rule 39(c) provides that:

> In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Fed. R. Civ. P. 39(c).

## ANALYSIS

In Baxter's Motion to Bifurcate, which is brought pursuant to Federal Rule of Civil Procedure 42, Baxter requests that the Court sever Fresenius' defense of inequitable conduct from the remaining claims in the action, so that the inequitable conduct defense can be tried separately to the bench after the jury returns a verdict. Baxter argues, correctly, that the defense of inequitable conduct is a matter to be resolved by the Court, and not the jury. *See Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1584 (Fed. Cir. 1995). Baxter further argues that Fresenius' allegations regarding Baxter's inequitable conduct are irrelevant to the jury questions of validity and infringement and that the presentation of evidence on this issue poses significant risks of confusion and prejudice because "Fresenius' inequitable conduct defense rests solely upon allegations that an attorney for Althin Medical, Inc. withheld a prior art reference with an intent to deceive during prosecution of the '434 Patent." *See THK Am., Inc. v. Nsk Corp.*, 1996 U.S. Dist. LEXIS 226, * 5 (N.D. Ill. 1996) (noting that evidence tending to show fraud on the part of the inventor is likely to prejudice the jury and should be tried separately). Accordingly, Baxter contends that "[a]llowing Fresenius to launch character attacks in the juror's presence risks placing Baxter on trial and affording undue weight to the questioned reference because of perceived – albeit non-existent – improprieties."

Fresenius does not dispute the fact that it is not entitled to a jury trial on its inequitable conduct defense, however. Instead, it argues that the Court should exercise its discretion to deny the motion to bifurcate and submit the inequitable conduct defense to an advisory jury. As Fresenius points out, the Federal Circuit has expressly approved of the use of an advisory jury on the issue of inequitable conduct, and has noted that there are a variety of ways that an advisory jury can be utilized. As stated by the

2

Federal Circuit:

> Some courts have reserved the entire issue of inequitable conduct unto themselves; some have submitted special interrogatories to the jury on the facts of materiality and intent; and some have instructed the jury to find and weigh the facts of materiality and intent and decide the ultimate question of inequitable conduct, as in the case at bar . . . . Absent a clear showing of prejudice, or failure to achieve a fair trial, the district court's choice of procedure will not be disturbed.

*Hebert v. Lisle Corp.*, 99 F.3d 1109, 1114 (Fed. Cir. 1996); *see also Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1110 (Fed. Cir. 2003) (noting that the district court judge submitted the underlying factual inquiries regarding inequitable conduct to the jury and intended the jury findings to be advisory); *Specialty Rental Tools & Supply, Inc. v. Boyd's Bit Service, Inc.*, 84 Fed. Appx. 90, 95 (Fed. Cir. 2003) (noting that evidence of inequitable conduct was submitted to an advisory jury).

Fresenius further argues that the Court should empanel an advisory jury because the advice of the jury would be of particular aid given the nature of the action and the proof to be submitted. *See N.A.A.C.P. v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 470 (E.D.N.Y. 2003). Specifically, Fresenius contends that the use of an advisory jury is appropriate here because: (1) the jury will already be determining the validity of the patents, which will involve a determination of the materiality of the omitted prior art and a determination regarding the significance of Baxter's assertion that its patented invention was the result of "extensive innovation in hardware and software"; (2) many of the same witnesses will be relevant to both Fresenius' invalidity and inequitable conduct claims; and (3) determinations of expert credibility are typically issues for the jury to decide. Additionally, Fresenius contends that one trial on all of the issues will promote judicial economy and improve efficiency because it will eliminate disputes as to whether certain evidence can or should be heard by the jury. Finally, Fresenius argues that there is a substantial overlap between the evidence pertinent to the invalidity defense and the inequitable conduct defense, and therefore Baxter will not be unduly prejudiced if the evidence relating to Fresenius' inequitable conduct defense is presented to the jury. *See Peele v. New York City Dept. of Social Serv./Human Resources Admin.*, 1995 WL 1110085 *5

(S.D.N.Y. 1995).[1]

The Court agrees with Fresenius that Baxter has not – in its two page motion – made a sufficient showing that it will be unfairly prejudiced if the evidence pertaining to inequitable conduct is tried to the jury. In fact, Baxter's cry of prejudice is substantially undermined by the fact that the evidence of the alleged fraud pertains to *Althin*, who is not a party to this action, rather than Baxter. Moreover, the Court does not find that bifurcating the trial would conserve judicial resources, as it would require the parties to present the same evidence and many of the same witnesses to the bench at the conclusion of the trial. Indeed, despite Baxter's protestations, the use of an advisory jury for the defense of inequitable conduct is a common practice in patent cases. *See, e.g., Modine Mfg. Co. v. Allen Group, Inc.,* 1993 WL 248654 \*6 (N.D. Cal. 1989); *Echometer Co. v. Lufkin Indus., Inc.*, 2004 WL 575954 (N.D. Tex. 2004); *Cargill, Inc. v. Sears Petroleum & Transport Corp.*, 388 F. Supp. 2d 37, 62 (N.D.N.Y. 2005) (using advisory jury to address theshold questions of materiality and intent to deceive).

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Baxter's Motion in Limine to Bifurcate Inequitable Conduct Defense for Bench Trial is DENIED. The inequitable conduct defense shall be tried to an advisory jury. However, to aid the Court in its evaluation of the jury's advisory finding, the parties shall meet and confer and, at the time that the revised jury instructions are filed, shall file proposed special interrogatories to be submitted to the jury at the conclusion of the trial.

IT IS SO ORDERED.

Dated: 6/12/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Although not particularly relevant, Fresenius also points out that – despite the fact that inequitable conduct is a matter to be resolved by the Court – Baxter previously consented, as a patentee, to a jury trial of the factual issues underlying the inequitable conduct claim in the case of *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d at 1584.