IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC., et al., | No. C 03-1431 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 683] |
| BAXTER INTERNATIONAL, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Frenius' Motion in Limine to Exclude Evidence and Argument on the Non-Accused 5008 Series Hemodialysis Machine Being Sold Outside of the United States. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Fresenius' Motion.

## **LEGAL STANDARD**

**A.     Federal Rules of Evidence 401, 402 and 403**

According to Federal Rule of Evidence 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, Federal Rule of Evidence 402 provides that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by

other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible..

Fed. R. Evid. 402.

Federal Rule of Evidence 403 provides that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

The Advisory Committee Notes to Federal Rule of Evidence 403 make clear that "'[u]ndue prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee Notes to 1972 Proposed Rules. "In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." *Id.*

## **ANALYSIS**

In the instant Motion in Limine, Fresenius seeks to exclude any evidence or argument regarding Fresenius' 5008 series hemodialysis machine (referred to herein as the "5008 machine"). Fresenius argues that the 5008 machine should be excluded because it is not an accused product or prior art, and is therefore irrelevant to the parties' claims or defenses. *See, e.g., Jumpsport, Inc. v. Hedstrom Corp.*, 2004 WL 2203556, at *2 (N.D. Cal. 2004) (excluding testimony regarding products that had not been alleged to infringe in the plaintiff's infringement contentions). Fresenius further argues that the mere fact that the 5008 has a "touch screen" does not mean that it infringes any of the asserted touch screen claims, since the claims require – at a minimum – that the touch screen be used for "at least one step in the process of changing a parameter." Additionally, Fresenius contends that argument regarding the 5008 machine would prejudice Fresenius by suggesting to the jury that other Fresenius products might also infringe Baxter's patents. Finally, Fresenius notes that this case is already extremely complex, in that it involves numerous issues, four asserted patents, and many prior art references and machines. As such, Fresenius argues that testimony regarding the 5008 machine would only serve to further complicate the case and would unnecessarily confuse the jurors.

In response, Baxter argues that the 5008 machine is relevant to the instant litigation for three reasons: (1) Fresenius' damages expert relies on evidence of Fresenius' foreign sales of non-touch screen enabled products in his calculation of a reasonable royalty; (2) evidence of Fresenius' world-wide adoption of Baxter's patented technology rebuts Fresenius' experts' and fact witnesses' contentions that touch screen technology is not important to its machine sales; and (3) the sale of the 5008 machine in foreign markets is a relevant secondary consideration of non-obviousness. Specifically, Baxter contends that Fresenius' damages expert, Dr. Rubinfeld, has testified that Fresenius' sales of its non-touch screen 4008H series hemodialysis machine (the "4008H machine") is a basis for reducing the amount of the reasonable royalty to be awarded to Baxter[1] and that Baxter will therefore need to refer to the 5008 machine in order to rebut his testimony. Similarly, Baxter contends that it will need to refer to the 5008 machine is order to rebut the opinion testimony of Fresenius' commercial success expert, Mr. Payne, who has opined that Fresenius would have been just as successful in selling hemodialysis machines without a touch screen. Finally, Baxter asserts that Fresenius' success in selling the 5008 machine in Europe is a relevant factor in showing nonobviousness.

The most critical factor that Baxter overlooks, however, is that – unless Baxter is willing to stipulate that all hemodialysis machines containing a touch screen meet the "touch screen" claims – it would be necessary for Baxter to prove that the 5008 machine does, in fact, include *the patented technology* before it can use the 5008 machine to rebut Fresenius' witnesses' testimony. This, however, would consume a significant amount of time at trial and would undoubtedly further confuse the jurors, who are already being faced with the unwieldy burden of becoming acquainted with unfamiliar and difficult technological terms and determining the validity of four different patents and 26 separate patent claims in little more than a week. Further, Baxter's reliance on *Lindemann Maschinenfabrik GMBH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1461 (Fed. Cir. 1984) is misplaced, as *Lindemann* does not stand for the proposition that a party can rely on the commercial success of a completely different product, that has not been held to infringe, in order to show nonobviousness. Because this case is

---

[1] Dr. Rubinfeld has testified that evidence of sales of the 4008H has some relevance to the instant litigation because it "shows there's no reason in principle to think that customers would necessarily all want to move to a touch screen device."

1  already very complex in that it involves several patents and numerous prior art references, the Court
2  finds that the prejudicial effect and the high likelihood of confusion that will result from introducing the
3  5008 machine into the litigation far outweighs its extremely limited probative value.  Accordingly, the
4  Court GRANTS Fresenius' Motion in Limine.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Fresenius' Motion in Limine to Exclude Evidence and Argument on the Non-Accused 5008 Series Hemodialysis Machine Being Sold Outside the United States [Docket No. 683] is GRANTED.

IT IS SO ORDERED.

Dated: 6/13/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

4