UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC., a New York corporation; and FRESENIUS USA, INC., a Massachusetts corporation,<br><br>    Plaintiffs and Counterdefendants,<br><br>    v.<br><br>BAXTER INTERNATIONAL, INC., a Delaware corporation; and BAXTER HEALTHCARE CORPORATION, a Delaware corporation,<br><br>    Defendants and Counterclaimants. | Case No. C 03-01431 SBA (EDL)<br><br>**ORDER REGARDING EQUIPMENT FOR TRIAL**<br><br>Date:     June 19, 2006<br>Time:    8:30 a.m.<br>Judge:  Hon. Saundra Brown Armstrong |

In connection with the trial of this matter which commenced on June 19, 2006, Plaintiffs and Counterdefendants Fresenius Medical Holdings, Inc. and Fresenius USA, Inc. ("Fresenius") through their counsel of record, Fish & Richardson P.C., as well as support staff and vendors assisting such counsel, may bring into the Federal Courthouse in Oakland, California, located at 1301 Clay Street, #400 South, Oakland, California, and set up in the courtroom of the Honorable Saundra B. Armstrong, certain equipment and materials for purposes of facilitating demonstrative exhibits which may be used during the trial.  This equipment includes a digital video camera for transmitting screen images from the HD equipment and the equipment identified in the Court's Order of June 12, 2006 (DI 742).

1     IT IS HEREBY ORDERED that:

2     1.   Fresenius is allowed to bring into the courtroom during the course of the trial, which
3  commenced on June 19, 2006, a digital video camera and tripod for use during trial to transmit the
4  screen image(s) from the HD machines to the video monitors in the courtroom to the extent any
5  machine may be used during trial.  This will allow the jury to more readily see how the machines
6  function.

7     2.   The equipment identified in the Court's Order of June 12, 2006 (DI 742), may be
8  removed from and returned to the courtroom during the course of trial to facilitate witness
9  preparation or for some other reason as determined by the parties.

10    Inclusion of a piece of equipment in the Court's Order of June 12, 2006, is neither an
11  indication or finding that the identified equipment is admissible at trial, nor an indication or
12  finding that the equipment qualifies as prior art.

13    IT IS FURTHER ORDERED that Court staff, including assistant U.S. Marshals on duty at
14  the time, are directed to allow, and to take such steps as reasonably necessary to facilitate the
15  foregoing activity.

DATED:  June 20, 2006

By:  *Saundra B. Armstrong*
HON. SAUNDRA B. ARMSTRONG
United States District Judge