1

2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

3

4

FRESENIUS MEDICAL CARE
HOLDINGS, INC., *et al.*,

No. C 03-1431 SBA

**JURY INSTRUCTIONS**

5

Plaintiffs,

6

v.

7

BAXTER INTERNATIONAL, INC., *et al.*,

8

Defendants.

9

10

11

12

13

14

October 26, 2007

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTIES OF JURY TO FIND FACTS AND FOLLOW THE LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return-that is a matter entirely up to you.

2

1

## **WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence;  and

(3) any facts to which the lawyers have agreed or stipulated.

3

## **WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2
Evidence may be direct or circumstantial.  Direct evidence is direct proof of

3
a fact, such as testimony by a witness about what the witness personally saw or

heard or did.  Circumstantial evidence is proof of one or more facts from which you

4
could find another fact.  You should consider both kinds of evidence.  The law

5
makes no distinction between the weight to be given to either direct or

6
circumstantial evidence.  It is for you to decide how much weight to give to any

evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness' memory;

(3)  the witness' manner while testifying;

(4)  the witness' interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness' testimony;

(6)  the reasonableness of the witness' testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **OPINION EVIDENCE/EXPERT WITNESSES**

You have heard testimony from persons who, because of evidence or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF CONTENTIONS

I will now give a summary of each side's contentions in this case.  I will then tell you what each side must prove to win on each of its contentions.

As I previously told you, the patents-in-suit were obtained by several inventors who worked for a company called Althin Medical.  These patents were transferred to Baxter after Baxter purchased Althin Medical.

Fresenius filed this lawsuit seeking a determination that Fresenius was not infringing the patents-in-suit and that the patents are invalid.  Baxter filed its own counterclaim alleging that Fresenius infringes certain claims of the patents-in-suit by making, selling, and offering for sale its 2008K Hemodialysis Machine.

It is undisputed that the patents are valid and that Fresenius' 2008K Hemodialysis Machine infringes the asserted claims of the '434, '131, and '027 Patents.

Your job is to determine the amount of monetary damages to be awarded to Baxter to compensate it for Fresenius' infringement of the asserted claims of the '434, '131, and '027 patents.

## DAMAGES - BURDEN OF PROOF

I will instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win on any issue.

You must determine the amount of money damages to be awarded to Baxter to compensate it for Fresenius' infringement of the patents-in-suit.

The amount of those damages must be adequate to compensate Baxter for the infringement.  A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty.  You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

Baxter has the burden to persuade you of the amount of its damages.  You should award only those damages that Baxter more likely than not suffered.  While Baxter is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  Baxter is not entitled to damages that are remote or speculative.

1

**REASONABLE ROYALTY**

2
    In this case, Baxter is seeking damages in the form of a "reasonable royalty." Therefore, you must award a reasonable royalty for all infringing sales.

3
    A royalty is a payment made to a patent holder in exchange for rights to

4
make, use, or sell the claimed invention. A reasonable royalty is the payment that

5
would have resulted from a negotiation between Baxter and Fresenius taking place

at the time when the infringement first began. In considering the nature of this

6
negotiation, the focus is on what the expectations of Baxter and Fresenius would

7
have been had they entered into an agreement at that time and acted reasonably

8
in their negotiations. However, you must assume that both parties believed the

patent was valid and infringed. In addition, you must assume that Baxter and

9
Fresenius were willing to enter into an agreement; your role is to determine what

10
that agreement would have been. The test for damages is what royalty would

11
have resulted from the hypothetical negotiation and not simply what either party

would have preferred.

12
    In determining the value of a reasonable royalty, you may consider evidence

13
of any of the following factors:

14
    1.    Any royalties received by Baxter for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

15

16
    2.    The rates paid by the parties to license other patents comparable to the patents-in-suit.

17
    3.    The nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of its territory or with respect to whom the manufactured product may be sold.

18

19
    4.    Baxter's established policy and marketing program to maintain its right to exclude others from using the claimed inventions by not licensing others to use the invention, or by granting licenses under special conditions designed to preserve that exclusivity.

20

21

22
    5.    The commercial relationship between Baxter and Fresenius at the time of the hypothetical negotiation, such as whether or not they are competitors in the same territory in the same line of business.

23

24
    6.    The effect of selling the patented product in promoting sales of other products of Fresenius; the existing value of the invention to Baxter as a generator of sales of its non-patented items; and the extent of such collateral sales.

25

26
    7.    The duration of the patents-in-suit and the term of the license.

27
    8.    The established profitability of the product made under the

28
13

patents-in-suit; its commercial success; and its current popularity.

9.      The utility and advantages of the claimed inventions over the old modes or devices, if any, that had been used for achieving similar results.

10.      The nature of the claimed inventions; the character of the commercial embodiment of it as owned and produced by Baxter; and the benefits to those who have used the invention.

11.      The extent to which Fresenius has made use of the inventions; and any evidence that shows the value of that use.

12.      The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the inventions or analogous inventions.

13.      The portion of the profit that arises from the claimed inventions themselves as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements.

14.      The opinion testimony of qualified experts.

15.      Any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.

1

## **DAMAGES - ROYALTY BASE**

2

Baxter is seeking a reasonable royalty on Fresenius' sale of its 2008K kidney

3
dialysis machine, spare parts and maintenance services, as well as certain

4
disposable products, such as dialyzers, needles, bloodlines, and concentrate, sold

by Fresenius for use with the 2008K.

5
If you find that the infringing patented features of the 2008K were the basis

6
for customer demand, you may award Baxter damages based on the value of the

entire machine.

7
Also, if Baxter demonstrates that the 2008K machine and the unpatented

8
components or disposables are part of a single assembly, or part of a complete

machine, or constitute a functional unit, you may award damages for those

9
disposables or unpatented components.   Items are a functional unit if they

10
function together to achieve one result.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DAMAGES - DATE OF COMMENCEMENT**

2   　　　Damages that Baxter may be awarded by you commence on the date that
Fresenius has both infringed and been notified of the patents-in-suit.  Baxter and

3   Fresenius agree that date was August 21, 2000.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## __DUTY TO DELIBERATE__

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

17

1

2

## USE OF NOTES

3        Some of you have taken notes during the trial.  Whether or not you took
notes, you should rely on your own memory of what was said.  Notes are only to

4   assist your memory.  You should not be overly influenced by the notes.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                        18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your presiding juror or by one or more members of the Jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

19

1

2

## __RETURN OF VERDICT__

3

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28