**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

FRESENIUS MEDICAL CARE
HOLDINGS, INC., *et al.*,

        Plaintiffs,

v.

BAXTER INTERNATIONAL, INC., *et al.*,

        Defendants.

No. C 03-1431 SBA

**ORDER**

[Docket No 967]

        Currently before the Court is Baxter Healthcare Corporation's ("Baxter") Motion for an Award of Damages Including Prejudgment Interest [Docket No. 967]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court GRANTS the Motion for an Award of Damages Including Prejudgment Interest .

**BACKGROUND**

        In 2003, plaintiffs Fresenius USA, Inc. and Fresenius Medical Care Holdings, Inc. ("Fresenius") initiated this lawsuit by filing a complaint for a declaratory judgment of non-infringement and invalidity against Baxter related to U.S. Patent No. 5,247,434 ("'434 Patent"), U.S. Patent No. 6,284,131 ("'131 Patent"), and U.S. Patent No. 5,744,027 ("'027 Patent") (collectively, "patents-in-suit"). Baxter counterclaimed for infringement of each of the patents.

        In 2005, the Court granted summary judgment to Baxter that Fresenius infringes Claim 26 of the '434 Patent and Claim 1 of the '131 Patent. After three-plus years of litigation, in June 2006, Fresenius admitted that its 2008K machine infringes the asserted claims of the patents-in-suit. Docket No. 755. The Court then entered a judgment of infringement of those asserted claims. Docket No. 770. The remaining dispute for the jury to resolve was whether Fresenius's 2008K hemodialysis machine infringed upon claims 26 through 31 of the '434 patent, claims 1, 2, 3, 13, 14, 15, and 16 of the '131 patent, claims 7, 11, 14, 15, and 16 of the '027 patent, and claims 5 and 7 of the '476 patent. Fresenius

asserted that the claims of these patents were invalid either because they were obvious in light of prior art or because they were anticipated by prior art.

The jury returned a unanimous verdict on June 30, 2006, finding in favor of Fresenius on all issues submitted to it. *See* Docket No. 829 . The jury found that all remaining claims were either invalid as obvious or invalid as anticipated, and that the Fresenius 2008K did not infringe on either claim 5 or 7 of the '476 patent. Following the jury's verdict, Baxter moved for judgment as a matter of law and for a new trial, arguing that Fresenius had failed to present evidence to the jury that the patents were invalid, On February 13, 2007, the Court granted Baxter's motion for judgment as a matter of law that the patents were valid and ordered a second trial on damages. Docket No. 874

A jury trial for damages owed to Baxter for Fresenius's infringement was held from October 24, 2007 to October 29, 2007. The jury returned a verdict that Fresenius owed Baxter $14,175,000 for Fresenius's past sales of the infringing 2008K machine. Docket No. 962. The jury also found that Fresenius owed Baxter damages for sales of the related disposable products (i.e., dialyzers, concentrates, bloodlines, needles, and solutions) in the amount of $91,000. On November 7, 2007, the Court entered an order reflecting the verdict. Docket No. 965.

Baxter has filed post-trial motions for yet another trial, for entry of a permanent injunction, and for an award of damages including prejudgment interest. Fresenius has filed a motion for review of the clerk's taxation of costs.

## LEGAL STANDARD

Pursuant to 35 U.S.C. § 284, "upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284.

Since Congress' overriding purpose in enacting 35 U.S.C. § 284 is to afford patent owners complete compensation, prejudgment interest is ordinarily awarded. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). "An award of interest from the time that the royalty payments would

have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also the foregone use of the money between the time of the infringement and the date of the judgment." *Id.* at 655-56; *see also Miller v. Robertson*, 266 U.S. 243, 258 (1924) (prejudgment interest required for "full compensation"); *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (normal procedure is to award prejudgment interest from date of infringement to date of payment, since only such award will satisfy Congress' overriding purpose in § 284). "Prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Devex*, 461 U.S. at 657.

A trial court is afforded wide latitude in determining the interest rate at which prejudgment interest should be assessed and may award such interest at or above the prime rate. *Atmel Corp. v. Silicon Storage Technology, Inc.*, 2002 U.S. Dist. LEXIS 27109 at 12-13 (N.D. Cal. 2002) (citing *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556-57 (Fed. Cir. 1984). Additionally, "[i]n applying prejudgment interest, courts have recognized that compounding is necessary to fully compensate the patentee." *AMP Inc. v. Lantrans Inc.*, 22 U.S.P.Q. 2d 1448, 1453 (C.D. Cal. 1991). "Because a patentee's damages include the foregone use of money, compounding is needed to account for the time value of money." *Id.* Thus, "courts have approved annual compounding and even daily compounding." *Id.*

## ANALYSIS

While the parties both agree that Baxter should be awarded prejudgment interest, they disagree as to 1) the method which should be used to calculate the interest rate, and 2) the date from which the interest should begin to accrue. Baxter argues that the interest should be calculated using the prime rate and compounded annually. Fresenius argues that the prejudgment interest should be calculated using the "52-week T-Bill" (i.e, "Treasury Bill") rate. Further, while Fresenius argues that the interest should be calculated as accruing as of the date of infringement, Baxter, "[f]or the sake of simplicity," has calculated the interest from the first day of the year infringement began, which in this case is more than 8 months before the date on which the parties agree infringing sales began.

"The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (citing *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 24 (Fed. Cir. 1984)). This Court has held that the prime rate is appropriate for a calculation of prejudgment interest in a patent case, noting that other courts within the Northen District have concluded that "the prime rate was the most accurate estimate of the interest rate the patentee would have charged the infringer for a loan since it is the 'rate charged by banks to its most credit-worthy customers.'" *Nikko Materials USA, Inc. v. R.E. Serv. Co.*, 2006 WL 118438 at *13 (N.D. Cal. Jan. 13, 2006) (Armstrong, J.) (citing *Atmel.*, 2002 U.S. Dist. LEXIS 27109, at *13). Numerous other courts have also held that the prime rate is appropriate for calculating prejudgment interest in a patent case. *See, e.g., Atmel Corp. v. Silicon Storage Tech., Inc.*, 2002 U.S. Dist. LEXIS 27109, at *12-14 (N.D. Cal. June 21, 2002) (finding prime rate "the most accurate estimate of the interest rate [the patentee] would have charged [the infringer] . . . for a . . . loan."); *AMP, Inc. v. Lantrans, Inc.*, 22 U.S.P.Q.2d 1448, 1452-53 (C.D. Cal. 1991) (using prime rate to determine prejudgment interest); *Lam v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed. Cir. 1983) (finding no abuse of discretion in prejudgment interest rate at or above prime); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (same).

Fresenius counters that "[w]here, as here, the patent owner likely would have invested the money from its royalty payments, the T-Bill rate represents an appropriate prejudgment interest rate." Opp'n at 5. Fresenius continues: "Baxter is a large multi-national company that most likely would have invested any royalties it earned rather than using the royalties to avoid borrowing money. Indeed, Baxter has not presented any evidence that it would have used the royalties to avoid acquiring debt." *Id.*

However, this argument is inapposite and contrary to Federal Circuit authority: the Federal Circuit has explicitly held that the patentee need *not* make such an "'affirmative demonstration,' i.e., proof of borrowing at or above prime . . . to be entitled to an award of prejudgment interest at the prime rate." *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988).

4

Similarly, in *Uniroyal* the Federal Circuit upheld the district court's selection of the prime rate, noting that "it is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate" because the court "is afforded wide latitude in the selection of interest rates." *Uniroyal*, 939 F.2d at 1545.

Accordingly, in line with this Federal Circuit authority as well as this Court's own prior reasoning in *Nikko*, this Court holds that "the prime rate [is] the most accurate estimate of the interest rate that the patentee would have charged the infringer for a loan since it is the 'rate charged by banks to its most credit-worthy customers.'" *Nikko Materials,* WL 118438 at *11-12; *see also IMX, Inc. v. Lendingtree, L.L.C.*, 469 F. Supp. 2d 203, 227 (D. Del. 2007) (prime rate provides the best compensation to a corporate patentee because it "represents the cost of borrowing money, which is 'a better measure of the harm suffered as a result of the loss of the use of money over time'" (citations omitted)).

However, the Court agrees with Fresenius that Baxter's pre-yearly accrual methodology, which artificially assumes that the damages occurred at the beginning of each year, improperly awards Baxter interest prior to the date of the commencement of infringing sales. Section 284 provides that a patent claimant is entitled to "damages adequate to *compensate for the infringement* . . . together with interest and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added). "[A]n award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983). Accordingly, prejudgment interest should be awarded from the date of infringement to the date of payment. *Id.* Here the parties stipulated that infringing sales began on August 21, 2000. Baxter provides absolutely no reason, other than "simplicity," why it is entitled to interest dating from *January 1*, 2000 -- which results in a $400,000-plus windfall for Baxter. *See* Opp'n at 2. Accordingly, the Court adopts Fresenius's monthly accrual methodology.

## CONCLUSION

Accordingly, Baxter's Motion for an Award of Damages Including Prejudgment Interest

5

1  [Docket No 967] is hereby GRANTED. Fresenius is hereby ordered to pay Baxter actual damages on
2  Fresenius' sales of infringing 2008K hemodialysis machines and related disposables in the amount of
3  $14,266,000 in addition to prejudgment interest on the actual damages at the prime rate in the amount
4  of $2,905,429, yielding a total award of $17,171,429.

   IT IS SO ORDERED.

Date:   3/21/08

　　　　　　　　　　　　　　　　　　　　　　Saundra Brown Armstrong
　　　　　　　　　　　　　　　　　　　　　　United States District Judge