**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

FRESENIUS MEDICAL CARE
HOLDINGS, INC., *et al.*,

        Plaintiffs,

  v.

BAXTER INTERNATIONAL, INC., *et al.*,

        Defendants.

No. C 03-1431 SBA

**ORDER**

[Docket No 976]

Currently before the Court is plaintiffs Fresenius USA, Inc. and Fresenius Medical Care Holdings, Inc.'s ("Fresenius") Motion for Review of the Clerk's Taxation of Costs [Docket No 976]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the Motion for Review of the Clerk's Taxation of Costs .

## BACKGROUND

In 2003, Fresenius initiated this lawsuit by filing a complaint for a declaratory judgment of non-infringement and invalidity against Baxter Healthcare Corporation ("Baxter") related to U.S. Patent No. 5,247,434 ("'434 Patent"), U.S. Patent No. 6,284,131 ("'131 Patent"), and U.S. Patent No. 5,744,027 ("'027 Patent") (collectively, "patents-in-suit"). Baxter counterclaimed for infringement of each of the patents.

In 2005, the Court granted summary judgment to Baxter that Fresenius infringes Claim 26 of the '434 Patent and Claim 1 of the '131 Patent. After three-plus years of litigation, in June 2006, Fresenius admitted that its 2008K machine infringes the asserted claims of the patents-in-suit. Docket No. 755. The Court then entered a judgment of infringement of those asserted claims. Docket No. 770. The remaining dispute for the jury to resolve was whether Fresenius's 2008K hemodialysis machine infringed upon claims 26 through 31 of the '434 patent, claims 1, 2, 3, 13, 14, 15, and 16 of the '131 patent, claims 7, 11, 14, 15, and 16 of the '027 patent, and claims 5 and 7 of the '476 patent. Fresenius

asserted that the claims of these patents were invalid either because they were obvious in light of prior art or because they were anticipated by prior art.

The jury returned a unanimous verdict on June 30, 2006, finding in favor of Fresenius on all issues submitted to it. *See* Docket No. 829 . The jury found that all remaining claims were either invalid as obvious or invalid as anticipated, and that the Fresenius 2008K did not infringe on either claim 5 or 7 of the '476 patent. Following the jury's verdict, Baxter moved for judgment as a matter of law and for a new trial, arguing that Fresenius had failed to present evidence to the jury that the patents were invalid, On February 13, 2007, the Court granted Baxter's motion for judgment as a matter of law that the patents were valid and ordered a second trial on damages. Docket No. 874

A jury trial for damages owed to Baxter for Fresenius's infringement was held from October 24, 2007 to October 29, 2007. The jury returned a verdict that Fresenius owed Baxter $14,175,000 for Fresenius's past sales of the infringing 2008K machine. Docket No. 962. The jury also found that Fresenius owed Baxter damages for sales of the related disposable products (i.e., dialyzers, concentrates, bloodlines, needles, and solutions) in the amount of $91,000. On November 7, 2007, the Court entered an order reflecting the verdict. Docket No. 965.

Baxter has filed post-trial motions for yet another trial, for entry of a permanent injunction, and for an award of damages including prejudgment interest. Fresenius has filed a motion for review of the clerk's taxation of costs.

### **LEGAL STANDARD**

Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) thus creates a presumption that the prevailing party will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). To overcome this presumption, a losing party must establish a reason to deny costs. *Dawson*, 435 F.3d at 1070.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), the Supreme Court held that federal courts are limited to assessing those costs enumerated under 28 U.S.C. § 1920. Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  Fees of the clerk and marshal;
>
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)  Docket fees under section 1923 of this title;
>
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

Fresenius argues that "[o]f the $789,346.39 taxed by the Clerk, only $59,925.48 is properly taxed to Fresenius." Mot. for Review of Costs at 2. Fresenius's objections concern certain costs sought in Exhibits C through E to the Declaration of Sanjay K. Murthy in Support of Baxter's Bill of Costs:

1. In Exhibit C (fees for stenography and video recording of depositions), the Clerk taxed $94,229.46. Fresenius disputes $27,037.55 corresponding to expedited transcripts and $36,561.25 corresponding to video recording.

2. In Exhibit D (fees for photocopying, trial graphics, and demonstratives), the Clerk taxed $673,642.48. Fresenius disputes all costs except $3,865.68 for one set of Baxter's trial exhibits, $6,861.88 for daily witness binders, $6,271.50 for photocopying costs during the 2007 trial, and $272.61 for trial demonstratives.

3

3.   In Exhibit E (witness expenses), Baxter claims $17,244.40. Fresenius disputes $5,628.25 of claimed costs.

### A.   Fees for "Preparation of graphics, animation, and illustrative materials"

The focal point of Fresenius' Motion is directed to challenging the costs taxed for "exemplification" for graphics and animation costs. Of the $789,346.39 taxed by the Clerk, $572,099.87 of these costs were described by Baxter as "Preparation of graphics, animation and illustrative materials." Under 28 U.S.C. § 1920(4), Baxter is entitled to "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Local Rule 54-3(d) addresses "Reproduction and Exemplification" and lists five recoverable costs, the fifth of which states: "The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are *reasonably necessary* to assist the jury or the Court in understanding the issues at the trial." Civ. L.R. 54-3(d)(5) (emphasis added).

Fresenius argues that Baxter has failed to demonstrate that spending over $572,000 on the "Preparation of graphics, animation and illustrative materials" was "reasonably necessary." With regard to the explanation of what these fees were for, Baxter provides only the following explanation:

> Because of the complex nature of this litigation, the charts, exhibits and animations to be used at trial were reasonably necessary to assist the jury and the Court in understanding the issues at each respective trial. In addition to the charts, exhibits and animations used at the trials, Baxter prepared additional charts, exhibits and animations that Baxter intended to use, but ultimately did not use. These charts, exhibits and animations were prepared in anticipation of the issues that Fresenius would raise in its case to assist the jury and Court in understanding those issues. As a practical matter, the natural dynamics of trial require that each party have demonstratives ready to the extent the trial goes in particular directions. For this reason, preemptively created demonstratives and animations which are not ultimately used at trial are just as reasonably necessary as those which are ultimately used at trial. Even this being said, as a gesture of good will and to account for unused materials, Baxter seeks 75% of the actual costs incurred for the preparationof such materials.

Baxter argues that the $572,099.87 contested by Fresenius properly accounts for the important roll visual aids played in this case. "Throughout two jury trials, the use of visual aids was a prominent feature of both parties' presentations to the Court and to the jury. To simplify the issues, Baxter presented in opening argument, closing argument, and through witness examinations a multitude of

4

slides containing or reflecting exhibits, demonstrative exhibits and animations." Opp'n at 2. Baxter continues "Given the length and complexity of the trial, Baxter's sought cost of $572,099.87 is entirely reasonable . . . Baxter's use of visual aids in this technical patent case was reasonably necessary to present the issues to the Court and the jury in an accessible and meaningful way over the course of two trials." *Id.* at 2-3.

Baxter faces two challenges in demonstrating that such fees were "reasonably necessary." First, Baxter provides absolutely no itemization of these costs, and therefore the Court is left to speculate as to precisely what these costs represent. *See* Civ. L.R. 54-1(a) ("Appropriate documentation to support each item claimed must be attached to the bill of costs."); *see also Murrelet v. Babbitt*, 1999 WL 193387, at *8 (N.D. Cal. 1999) (disallowing a charge for videotapes because "the court [wa]s unable to deduce from [the] documentation what this cost actually is and the purpose of the videotapes"). For example, it is not clear to the Court whether the fees sought are the costs for merely "exemplifying" the exhibits themselves (i.e. rendering them as videos), or if instead Baxter is attempting to recover for the "creation and preparation of the *content* of the demonstrative exhibits, as opposed to the preparation of the exhibits as contemplated by the local rule." *Pixion Inc. v. PlaceWare Inc.*, 2005 WL 3955889 at *4 (N.D. Cal. 2005) (emphasis added).

More importantly, Fresenius points to ample authority from within the Northen District in which courts have found that similar costs claimed for electronic exemplifications -- in amounts significantly more modest than Baxter's requests -- were either excessive or not reasonably necessary. In *Affymetrix, Inc. v. Multilyte Ltd.*, Affymetrix sought almost $130,000 in costs under Local Rule 54-3(d)(5) for preparing demonstratives. 2005 WL 2072113 at *4 (N.D. Cal. 2005). Although the court stated that visual aids were reasonably necessary given the complicated subject matter of the patents-in-suit, the court emphasized that "the *method* of exemplification must itself be reasonably necessary to the presentation." *Id.* The court then held, "While using animated PowerPoint presentations was admittedly a more engaging method of conveying information, it was not *necessary*. Poster boards would have sufficed." *Id.* (emphasis in original). Accordingly, the court only allowed the cost of poster boards,

5

1  $3,059.70, while disallowing all other costs. *Id.*

2  This Court came to a similar conclusion in *American Color Graphics, Inc. v. Travelers Property Casualty Insurance Co.*, 2007 WL 832935, at *3 (N.D. Cal. 2007). In that case, ACG sought reimbursement for its use of Sanctions software at trial under Local Rule 54-3(d)(5). ACG maintained that the Sanctions software was "vital to the presentation of countless documents given the number of documentary exhibits presented, and was critical because it enabled the jury to view the exhibits with precision, detail, and speed." *Id.* ACG sought over $22,000 in reimbursement related to the software, more than $12,000 of which was for a video technician. *Id.* The Court found that fees for a video technician did not fit within an enumerated category of section 1920, and were thus disallowed. *Id.* (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). The Court then disallowed the remaining software costs because ACG failed to prove they were reasonably necessary. *Id.* The Court explained, "[j]ust as in *Affymetrix*, the use of the Sanctions software may in fact have been a useful means of conveying information, but it does not appear reasonably necessary to the sixty-one documents shown to the jury. The $22,289.04 in costs for the Sanctions software will not be taxed." *Id.*

In *Ishida Co. v. Taylor*, 2004 WL 2713067 (N.D. Cal. 2004), Ishida sought almost $39,000 under Local Rule 54- 3(d)(5) for computer animation ($38,275.58), color exhibit boards ($558.57), and still images from a video ($113.66). *Id.* at *1. The court found the almost $39,000 of costs to be "excessive" and wrote that "while some modest visual aids may have been reasonably necessary to refresh the Court's recollection and demonstrate the ways in which the Atlas machine differs from the Apex machine, the costs requested are excessive." *Id.* The court explained, "For the most part, these visual aids were not reasonably necessary to the Court's understanding of the issues in the case." *Id.*

As did the parties seeking exemplification costs in *Affymetrix*, *American Color Graphics*, and *Ishida,* Baxter has failed to demonstrate that the half-million dollars' worth of visual aids were necessary to its presentation of this case. While the use of such aids may have been helpful,  have "simplified the issues" or been "efficient," Baxter has failed to show they were *necessary* to present the issues in this case clearly to the jury. Accordingly, these costs, totaling  $572,099.87, will not be allowed.

6

### B.  Fees for Expediting Deposition Transcripts

Fresenius objects to $27,037.55 of expenses incurred from obtaining deposition transcripts that were the subject of expedited delivery. Local Rule 54-3(c)(1) has been interpreted to mean that "'the cost of one copy of a deposition transcript' is allowable." *Affymetrix*, 2005 WL 2072113, at *2. ("Shipping or *expedited delivery charges* . . .are not allowed.").

There were twenty depositions for which Baxter claimed the costs of having transcript delivery expedited. Baxter does not deny that these transcripts were expedited, but argues that since "the rates on the disputed invoices do not reflect the proportion of the rate attributable to the fact the respective transcripts were expedited, Baxter is entitled to the stated cost, as properly taxed by the Clerk." Opp'n at 5. This is unpersuasive; Baxter is clearly not entitled to expediting fees and therefore such costs will not be allowed. *Affymetrix*, 2005 WL 2072113, at *2

However, the Court agrees with Baxter that the solution is not to simply disallow the entire cost for the expedited transcript, but to instead only disallow that portion that can reasonably be attributed to the expediting. *See Engate, Inc. v. Esquire Deposition Svcs. LLC*, 2006 WL 695650, at *3 (N.D. Ill. 2006) (Where prevailing party was unable to demonstrate why expedited transcripts were reasonably necessary, "based on other invoices from the same court reporters, [the Court was] able to determine their rates for copies of ordinary transcripts, and . . . taxed Engate according to those rates."); *Intermedics,* 1993 U.S. Dist. LEXIS 17803, at *8 ("we will adjust the cost award to reflect only those expenses associated with normal transcript service."). Accordingly, the Court will reduce the costs from obtaining deposition transcripts by $13,905.20 to $43,763.01.

### C.  Fees for Reproducing Trial Exhibits in Paper Form

Baxter claims "One set of Fresenius Trial Exhibits" and "One set of Baxter Trial Exhibits" totaling $21,127.14. Local Rule 54-3(d)(4) provides, "The cost of reproducing trial exhibits is allowable to the extent that a *Judge requires* copies to be provided." (Emphasis added.) Although the Court's Order required copies of trial exhibits to be exchanged (Docket No No. 884), Fresenius suggests that "[b]ecause the parties only provided the Court with those few exhibits admitted into evidence and

because the parties agreed to exchange trial exhibits electronically, the Court [should] disallow the $21,127.14 cost for reproducing trial exhibits in paper form." *See* Fresenius Proposed Order at 10. The Court is unpersuaded. The Court's order requires copies of trial exhibits to be exchanged, and Baxter made one copy of each set of exhibits, as it was entitled to do under the Local Rules. Accordingly, the $21,127.14 cost for reproducing trial exhibits in paper form was properly taxed by the Clerk.

### D.   **Fees for Videotaping Depositions Already Transcribed**

Civil Local Rule 54-3(c)(1) allows "[t]he cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose in connection with the case." Civ. L.R. 54-3(c)(1). Fresenius objects to the taxation of $36,611.25 attributable to videotapes of depositions because Baxter also made transcripts of the depositions. However, in *Pixion Inc. v. Placeware Inc.*, a court in this District held that "videotaped copies are permitted under 28 U.S.C. § 1920 and Rule 54-3(c) as long as the cost of the deposition transcript is recoverable, even if the party also obtains a hard copy of the transcript." *Pixion Inc. v. Placeware Inc.*, 2005 WL 3955889, at *2 (N.D. Cal. 2005); *see also Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *9 (N.D. Ill. Mar. 31, 2003) ("A party can properly tax costs for both a videotaped deposition and transcripts of the same deposition provided that both are reasonably necessary."); *Rogers v. City of Chicago,* 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002) ("the costs of both a stenographic transcript and videotape of a deposition may be taxed against a party"). The Clerk properly awarded the $36,611.25 disputed by Fresenius.

### E.   **Fees for Trial Equipment Rental and Service**

Baxter and Fresenius apparently agreed to share the expense of certain trial equipment rental and service, which was arranged by Fresenius and provided by Fulcrum Legal Graphics. *See* Murthy Decl., Ex. D, Invoice 2164-b. The parties made this logistical arrangement on their own, not pursuant to Court order. Regardless of who prompted the sharing of these costs, by making an agreement to pay a particular share of a cost at that time, for a service needed by both parties, Baxter did not waive its right to seek its paid share as costs. Whether reimbursing Fresenius for a share of use or paying a vendor

8

1  directly, these were recoverable costs incurred by Baxter. Accordingly, the Clerk properly taxed this
2  $10,338.84 cost.

### F.  Fees for Making Paper Copies of Documents Electronically Produced to Fresenius

Local Rule 54-3(d)(1) provides, "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(1). Four and a half years of litigation have resulted in, *inter alia*, roughly 464,000 pages of Baxter production and about 330,000 pages of Fresenius documents. Since copies were made from a variety of sources, Baxter chose twelve cents a page as a reasonable measure of the cost per page of copying documents. Numerous Courts have endorsed rates of at least twelve cents (and as high as twenty cents) a copy as reasonable. *See Affymetrix*, 2005 U.S. Dist. LEXIS 41177 at *3-4 (allowing costs for "reasonable per-page copying charge (*i.e.*, $0.15 per page) multiplied by the number of pages produced" for 627,001 pages produced electronically); *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *11 (N.D. Ill. Mar 31, 2003) ("This Court finds that 20 cents per page is a reasonable amount to charge for photocopies."). Given that twenty cents a page has been found to be reasonable, the Court finds that the $55,678.56 Baxter seeks for these costs is reasonable.

### G.  Fees for witness expenses

Fresenius does not dispute Baxter is entitled to reimbursement for witness travel expenses, but objects to: all charges for Mr. Bruner ($1,334.65) and Mr. Turner ($2,559.60) during the 2006 trial; four nights hotel for Mr. Den Uyl during the 2006 trial ($396); two nights hotel for Mr. Den Uyl during the 2007 trial ($198); four nights hotel for Mr. Ferraro during the 2006 trial ($396); one night hotel for Mr. Ferraro during the 2007 trial ($99); one night hotel during Mr. Bruner's deposition ($149); two nights hotel during Mr. Turner's deposition ($298); and two nights hotel for Mr. Keeley during the 2007 trial ($198)—a total of $5,628.25. Baxter acknowledged it agreed to reduce witness expenses by $3,823.05.

Fresenius suggests that Baxter has claimed expenses for witness time spent preparing to testify and watching the trials. In *MEMC Electronic Materials v. Mitsubishi Materials*, the court explained that

9

the prevailing party is only entitled to expenses for days that the witness testifies plus reasonable travel time. 2004 WL 5361246, at *9-10 (N.D. Cal. Oct. 22, 2004); *see also Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 771-72 (6th Cir. 1999) (finding that the district court abused its discretion by awarding costs for trial preparation of a witness). Fresenius complains that Dennis Bruner's deposition lasted one day, yet Baxter seeks hotel charges for three nights. Similarly, for the one-day deposition of John Turner, Baxter claimed four nights hotel. Baxter also seeks six nights hotel for Robert Keeley's 2007 trial attendance, even though Keeley only testified for two consecutive days.

Upon reviewing the parties' submission, the Court disallows the following witness expenses: all charges for Mr. Bruner ($1,334.65) and Mr. Turner ($2,559.60) during the 2006 trial at which they did not testify; four nights hotel for Mr. Den Uyl during the 2006 trial ($396), two nights hotel for Mr. Den Uyl during the 2007 trial ($198), four nights hotel for Mr. Ferraro during the 2006 trial ($396), and one night hotel for Mr. Ferraro during the 2006 trial ($99) representing the difference between days witness fees are owed and nights in a hotel; and one night hotel during Mr. Bruner's deposition ($149), two nights hotel during Mr. Turner's deposition ($298), and two nights hotel for Mr. Keeley during the 2007 trial ($198) representing the difference between days witness fees are owed plus an extra day for traveling or scheduling difficulties and nights in a hotel. This totals $5,628.25 in disallowed witness expenses. Additionally, Baxter agreed to withdraw its claim for airfare costs for Mr. Den Uyl and Mr. Kelly, which totaled $3,823.05. Accordingly, the Court disallows $9,451.30, but taxes the remaining witness expenses totaling $11,616.15.

## CONCLUSION

Accordingly, Fresenius' Motion for Review of the Clerk's Taxation of Costs is GRANTED IN PART and DENIED IN PART. The taxation of costs is reduced from $789,346.39 to $193,890.02 (i.e., $789,346.39 minus $572,099.87 minus $13,905.20 minus $9,451.30) in costs.

IT IS SO ORDERED.

Date:   5/7/08

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

10