UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRESENIUS USA, INC., et al.,

    Plaintiffs,

v.

BAXTER INTERNATIONAL, INC., et al.,

    Defendants.
_____/

No. C 03-1431 PJH

**ORDER**

Before the court are the motions of plaintiffs Fresenius Medical Care Holdings, Inc. and Fresenius USA, Inc. ("Fresenius") for an order staying remand proceedings (Docket No. 1044), and for a new trial to determine damages (Docket No. 1042); and the motion of defendants Baxter International, Inc., and Baxter Healthcare Corporation ("Baxter") for decision on limited remand issues (Docket No. 1048). All three motions were fully briefed before this case was reassigned to the undersigned judge.

Having read the parties' papers and carefully considered their arguments, the court hereby DENIES the motion to stay remand proceedings and DENIES the motion for a new trial. In addition, while the court has not reviewed all the papers filed in connection with the motion for decision on remand issues, it DEFERS ruling on the motion pending further clarification from the parties.

    1.    Motion for Order Staying Remand Proceedings

Fresenius seeks an order staying remand proceedings pending resolution of a re-examination proceeding covering the asserted claims of U.S. Patent No. 5,247,434 ("the '434 patent") – the only remaining patent-in-suit. A stay for purposes of reexamination is within the district court's discretion, and the court is not required to stay judicial resolution in

light of reexaminations. <u>Viskase Corp. v. American Nat'l Can Co.</u>, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

> In exercising its discretion to deny or grant a stay pending reexamination, a district court should consider the effect of delay upon a patentee. With respect to inter partes reexamination, 35 U.S.C. § 318 commits the grant of a stay to the district court's discretion with special heed to the concerns of the patentee.

<u>Fresenius USA, Inc. v. Baxter Int'l, Inc.</u>, 582 F.3d 1288, 1305 n.1 (Fed. Cir. 2009) (Newman, J., concurring).

The motion is DENIED. In view of the length of time the case has been pending (including the pre-trial proceedings, the trial, the appeal, and the stay previously imposed pending the resolution of other litigation on this court's docket involving the same parties); the fact that Fresenius filed this action for declaratory relief more than two and a half years before filing the request for reexamination; and the fact that the effect on this litigation of any final action on the reexamined '434 patent is far from clear, the court finds that a stay is not warranted. It is time to move forward and to bring closure to this case.

2. Motion for a New Trial to Determine Damages

Fresenius seeks a new trial for the purpose of re-determining damages, in light of the Federal Circuit's reversal of Judge Armstrong's order granting judgment as a matter of law ("JMOL"). The Ninth Circuit standard governs this post-trial motion. <u>See</u> <u>Revolution Eyeware, Inc. v. Aspex Eyeware, Inc.</u>, 563 F.3d 1358, 1370 (Fed. Cir. 2009).

A new trial may be granted where the verdict is contrary to the weight of the evidence or is based on false or perjurious evidence, or where it is necessary to prevent a miscarriage of justice. <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir. 2007). A new trial may also be granted if the damages are excessive, or the trial was not fair to the moving party for some other reason. <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940); <u>Molski</u>, 481 F.3d at 729.

Here, following a jury verdict of invalidity on the four patents-in-suit, Baxter moved for JMOL that its asserted patent claims in three of the patents were not invalid as obvious. Judge Armstrong granted the motion. After a trial on damages, at which the jury awarded

Baxter a total of $14,266,000 in damages, the court on March 21, 2008 entered a permanent injunction (to take effect January 1, 2009) and also ordered Fresenius to pay an ongoing royalty for any infringing machines sold before the effective date of the injunction, and a royalty for all disposable products linked to infringing machines sold from November 7, 2002 until the patents expire.

Fresenius appealed the court's ruling on JMOL, injunctive relief, post-verdict royalty, and construction of certain claim terms.  The Federal Circuit reversed the grant of JMOL as to two of the three patents, but sustained JMOL as to claims 26-31 of the '434 patent.  Baxter argued that it was entitled to a new trial if the Federal Circuit determined that this court's grant of JMOL was erroneous.  The Federal Circuit disagreed, finding that no new trial was warranted because it had decided the invalidity issues as a matter of law.

The Federal Circuit vacated the injunction that had been imposed by Judge Armstrong, and remanded "for the district court to revise or reconsider the injunction in light of our reversal of the district court's grant of JMOL regarding the '027 and '131 patents[,]" Fresenius, 582 F.3d at 1303, and "in light of the fact that only claims 26-31 of the '434 patent remain valid and infringed," id. at 1304.  The Federal Circuit also vacated the post-verdict royalty award and remanded "for the district court to consider whether the previous award is proper in light of this court's modification of the district court's judgment[,]" noting in particular that "our reversal of JMOL may affect the district court's consideration of the putative royalty rate that would result from a hypothetical negotiation between Baxter and Fresenius."  Id. at 1303 (citing to analysis in Georgia-Pac. Corp. v. U.S. Plywood Corp., 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970)).

In the present motion, Fresenius argues that a new trial on pre-verdict damages is warranted because the jury returned a single, generalized verdict covering all asserted claims from three Baxter patents, and did not specify damages on a claim-by-claim basis, or even a patent-by patent basis.

The court finds no basis for a new trial.  Accordingly, the motion is DENIED. Fresenius did not argue at trial or on appeal that the calculation of past damages depended

3

on the number of patents infringed. The Federal Circuit vacated only the injunction and the royalty award, but did not vacate the damages award; and remanded with instructions to consider whether the prior royalty award was proper in light of the reversal of JMOL as to two of the three patents.

The Federal Circuit clearly understood that only one of the three asserted patents remained following its reversal, but did not remand for purpose of a new trial on damages. Plainly, the Federal Circuit knows how to vacate a damages award and remand for a new trial on damages. See, e.g., Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1340 (Fed. Cir. 2009). "The mandate rule requires that the district court follow an appellate decree as the law of the case." Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 576 F.3d 1348, 1356 (Fed. Cir. 2009) (citation omitted); see also In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56 (1895). Nothing in the mandate in this case indicates that damages for infringement was an issue for remand, and nothing suggests that this court should consider new evidence.

    3.    Baxter's Motion for Decision on Limited Remand Issues

Baxter seeks a ruling on the issues that remain in light of the remand from the Federal Circuit – specifically, a revised permanent injunction and the ongoing royalty award. Fresenius opposes the motion, arguing that the injunction is a non-issue, as it removed all infringing features from its 2008K machine as of January 1, 2009, and is now selling only non-infringing hemodialysis machines. Fresenius also opposes the amount of the royalty sought by Baxter, on the basis that it is unreasonable.

Before ruling on this motion, the court requires clarification from the parties, and possible re-briefing. Specifically, no later than June 1, 2011, Baxter shall advise whether this motion is intended to resolve all outstanding issues to permit the court to comply with the mandate – that is, whether the motion provides argument and evidence sufficient for the court to resolve the two issues that were remanded (the injunction and the ongoing royalty). Similarly, Fresenius shall advise whether its opposition includes the entirety of argument and evidence that it intends the court to rely on in effectuating the mandate.

As indicated above, no new trial will be held, and the court anticipates that a single proceeding will be sufficient to complete the work needed on remand. Accordingly, if the parties conclude that the motion in its present format will not suffice to resolve the issues that were remanded, Baxter shall withdraw the motion in favor of another motion filed per a stipulated briefing schedule.

In addition, no later than June 8, 2011, the parties shall submit a stipulation either specifying a hearing date (July 20, 2011 or later) for the present motion, or setting forth a briefing schedule for a revised motion.

**IT IS SO ORDERED.**

Dated: May 26, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge